NATHAN H. HUNSDEN

*vs.*

M. C. CHURCHILL.

A discontinuance being but a species of dismissal, a mere submission to arbitration, though followed by an award, is not a discontinuance of an action, not being one of the exclusive modes of dismissal prescribed by our statute. (*Sec.* 242, *chap.* 66, *Gen. Stat.*)

This action was brought April 4, 1871, in the district court for Dodge county, to recover for services rendered and money paid to defendant's use. The defendant answered, denying the allegations of the complaint and alleging a counter claim,

Hunsden v. Churchill.

to which the plaintiff replied, issue being joined August 1, 1871. The cause was noticed for trial and placed on the calendar at the general term held in September, 1871, and at that time was continued, on the defendant's application, to the next general term, held March 4, 1872. At that term the defendant and his attorney were present, and by consent the case was again continued to the next September term, and was at that term again continued by consent until the special term held November 6, 1872, at which time, pursuant to a written stipulation of the attorneys, made February 3, 1872, and a further stipulation made November 5, 1872, a reference was ordered for the trial of all the issues, &c. On the 2d January, 1873, the case was brought on for trial before the referee, when the defendant, upon due notice, and pursuant to leave reserved in the order of reference, moved for leave to file a supplemental answer.

The proposed supplemental answer alleged that on the 6th March, 1872, the parties, by writing under seal, agreed to refer all matters of difference to three arbitrators, whose award should be conclusive between the parties, and covenanted to abide by the award and carry it into effect; that on the 7th March the parties, pursuant to the agreement, selected arbitrators, who accepted the appointment, and on the same day each party executed a bond to the other, conditioned that he should submit to the award; that the arbitrators met and heard the plaintiff and defendant in the manner provided by the agreement, and on the 9th March, 1872, made and published their award in writing, that the plaintiff should pay to the defendant the sum of $1,580.80. · The supplemental answer further alleged that by the agreement and the proceedings thereunder the matters in controversy were settled, and the action abated, and prayed judgment that the action be abated.

In opposition to the defendant's motion, affidavits of the

plaintiff's attorneys were read, reciting the proceedings in the case in court, and stating, among other things, that they had no knowledge of the alleged agreement for arbitration or the proceedings thereunder, and that the defendant and his attorneys had consented to the successive continuances, and to the reference of the action, with full knowledge of such agreement and such proceedings.

The referee allowed the supplemental answer to be filed, and the plaintiff filed a reply thereto, impeaching the agreement, the proceedings of the arbitrators and the award. The case was then tried. The plaintiff admitted the genuineness of the submission, bond and award, which were attached to the supplemental answer, and then offered to prove the allegations of the complaint, and to prove misconduct on the part of the arbitrators. The evidence offered was excluded on the defendant's objection, that the mere act of submission worked a discontinuance of the action, and the plaintiff excepted. The plaintiff then rested, and on the defendant's motion, the action was dismissed.

The plaintiff appeals from the judgment of dismissal, entered upon the report of the referee.

GORDON E. COLE, for Appellant.

S. L. PIERCE, for Respondent.

*By the Court.*—BERRY, J.—The modes in which an action may be dismissed in the district courts of this state, are prescribed by *sec.* 242, *chap.* 66, *Gen. Stat.*, by which, also, " all other modes of dismissing an action, by non-suit or otherwise, are abolished." A discontinuance being but a species of dismissal, (in the eye of the statute,) it follows that a mere submission to arbitration, though followed by an award, is not here a discontinuance of an action, since it is not one of the prescribed modes of dismissal.

We are referred to several adjudged cases in which a different rule is laid down; but no statutory provisions like ours exist in the jurisdictions in which they were determined, so far as we have been able to discover.

It is proper further to observe that the conduct of defendant's counsel, *after the alleged arbitration and award*, in consenting to two continuances of this action, in stipulating for a reference thereof, in interposing a supplemental answer, and in going to trial before the referee, is inconsistent with the idea that the action had been *extinguished* by a discontinuance.

The other questions argued by the plaintiff's counsel are not properly before us at this stage of the case.

Judgment reversed.