## TROJAN DRILLING CO. v. MORRISON et al.

No. 10255—Opinion Filed July 12, 1921.

Rehearing Denied Oct. 13, 1921.

(Syllabus.)

**Appearance—What Constitutes—Stipulation to Arbitrate.**

Where a defendant intends to rely on want of jurisdiction over his person, he must appear, if at all, for the sole purpose of objecting to the jurisdiction of the court. An appearance for any other purpose is usually considered general, and arises by implication from the defendant agreeing to some step or proceeding in the cause beneficial to himself or detrimental to the plaintiff other than the one contesting jurisdiction only, and a stipulation to arbitrate constitutes a general appearance.

Error from County Court, Tulsa County; H. L. Standeven, Judge.

Action by A. B. Morrison against the Trojan Drilling Company and others upon stated account. Judgment for plaintiff, and defendant named brings error, making its codefendants parties defendant in error. Affirmed.

Carroll & Mason, for plaintiff in error.

Stuart, Cruce & Bland, for defendant in error Morrison.

JOHNSON, J. On the 18th day of September, 1917, A. R. Morrison, as plaintiff, commenced an action in the county court of Tulsa county against the Trojan Drilling Company, A. R. Thomas, and Lottie G. Thomas, as defendants, to recover the sum of $360 upon a stated account. A summons was issued, but before the same was served, and on September 26, 1917, a stipulation was filed by the parties in said cause in which the parties agreed to arbitrate said cause.

On February, 14, 1918, a judgment by default was rendered against the defendants, and on the 15th day of February, 1918, or the next day, the defendants filed a motion to set aside said judgment, which was heard and overruled by the court on the 5th day of March, 1918, and thereafter, on the 16th day of March, 1918, the defendants filed a second motion to vacate said judgment, and upon the 2nd day of April, 1918, a hearing was had upon the said motion and leave was granted the defendants to amend their petition, and after hearing upon proof had the court overruled the same and refused to vacate the judgment theretofore rendered in said cause in favor of the plaintiff, to reverse which judgment refusing to vacate the former judgment the defendant Trojan Drilling Company has regularly commenced this proceeding in error.

For convenience, the parties will hereafter be referred to as plaintiff and defendant, respectively, as they appeared in the trial court.

The defendant's assignments of error are: (1) The order and judgment of the court in denying and overruling the said motion is contrary to law. (2) The order and judgment of the court in denying and overruling the said motion is not supported by the evidence. (3) The court erred in denying and overruling the said motion, in that said court was without jurisdiction to render said judgment. (4) The court erred in overruling the said motion in that said judgment purported to be rendered on default when the cause was reached in regular order upon the call of the calendar, whereas the said cause was not reached or set down because it had been stipulated and agreed between the parties that the controversy involved in said suit should be settled by arbitration, which settlement and agreement was in full force and effect at the date of the rendition of said purported judgment. (5) The court erred in admitting evidence, to which exception was saved.

Counsel say in their brief, "Only the first four of these assignments will be argued, and for convenience these will be grouped together and argued under one heading:

"The stipulation and agreement filed in this cause to submit the same to arbitration, which agreement was still in force and effect at the time judgment was rendered, ipso facto worked a discontinuance of the suit as far as plaintiff in error was concerned, and the court was without jurisdiction to render judgment against plaintiff in error."

Counsel for the plaintiff in answer to the propositions of counsel for defendant, supra, says:

"Plaintiff in error, having elected to stand on the defense that the trial court was without jurisdiction to hear and render judgment in this case against the plaintiff in error, and the plaintiff in error having failed and refused and neglected to plead, answer or appear in the trial court on the day set for the trial of this cause, after the same had been regularly set for trial and reached in its regular order on the calendar, it is our contention that there is one question of law upon which this court has to pass and decide the case, namely: Did the agreement to arbitrate work a discontinuance of the suit so as to deprive the trial court of jurisdiction to hear and determine the case at that time, or did the agreement to arbitrate merely work a suspension of the proceedings and in no way deprive the trial court of its jurisdiction to render a judgment against the plaintiff in error? If the agreement to arbitrate merely worked a suspension of the proceedings, and did not deprive the trial court of jurisdiction to hear and determine the cause, then the judgment of the trial court must stand."

The record discloses that no arbitration on the stipulation filed was had. The court never made any order of reference in said cause, nor in any way acted upon the stipulation of the parties for an arbitration. The stipulation was abandoned by the parties. The testimony showed that the parties had agreed upon referees, but they declined to act and never qualified as such, and that some time in January, 1918, the court set the cause for trial upon the calendar of the court for February 14, 1918, and that counsel representing the defendants communicated by telephone with one of the defendants concerning such setting

of said case, and that the same counsel, on the 15th day of February, 1918, filed in said cause a motion verified by his affidavit to vacate the default judgment rendered the day before, making an exhibit to said motion the written stipulation for arbitration filed in said cause.

This motion was overruled by the court on the 5th day of March, 1918, and on the 16th day of March, 1918, thereafter, the second motion was filed, as hereinbefore stated, and overruled by the court, and from which judgment overruling the same, this appeal resulted. The ground of this motion to vacate the judgment were that the court was without jurisdiction to render the same for the reason that the defendants were never served with summons, that they had never entered any appearance, and that the stipulation filed by J. W. Sykes, as the alleged attorney of the defendants, was wholly unauthorized, and therefore not binding upon them. We cannot agree with counsel for the defendant, that the trial court was deprived of jurisdiction by reason of the proceedings had in said cause and on account of the filing of the stipulation of the parties for arbitration.

In 3 Cyc. 510, it is stated as follows:

"A stipulation between the parties as to the time and place of trial, for a change of venue, for a continuance, for taking testimony or for a reference to a commissioner or to arbitrators, constitutes a general appearance." Rittenhouse v. Potter, 43 N. H. 188; Ratcliff v. Nyers, 34 Ill. 418; Jones v. Wolverton (Wash.) 47 Pac. 36.

In the case of Deal v. Thompson, 51 Okla. 256, 151 Pac. 856, in which the subject of arbitration was one of the matters involved in the suit, this court, by Dudley, Com., said: "We have no statute on the subject, and therefore, common law prevails" In Burke Grain Co. v. Stinchcomb, 70 Oklahoma, 173 Pac. 204, it was said:

"While it is true that our statutes do not provide for an arbitration, yet the common law of arbitration prevails in this state, and the courts in this state favor the same."

Concerning the rule of common law where a stipulation to arbitrate is filed, in 5 Corpus Juris, it is said as follows:

"Where a case was depending in court, the parties might, at common law, agree to arbitration, and obtain an order referring the cause to arbitrators or referees, designated either by themselves or by the court. However, an order of court is necessary."

3 Cyc. 597:

"Where a case was depending in court, the the parties might, at common law, agree to an arbitration, and obtain an order referring the cause to arbitrators or referees, designated either by themselves or by the court."

In the case of Hardy v. Hardy, 2 Ga. App. 530, which matter was pending in court and later referred to arbitrators, without any order of court being obtained, and the arbitrators made an award, a judgment was entered against the appealing party on the basis of the award, and the Appellate Court of Georgia, in reversing the case and holding that the award was of no effect, held, first, that the arbitration, amounted to a common-law arbitration, and that the rules of common law must prevail and govern; and, second, gave as one of the reasons for not holding the award to be binding and effective that an order of court had not been obtained referring the cause to arbitrators or referees.

In this case the court, speaking through Mr. Justice Hill, said as follows:

"There is no order of the court in this case submitting the matters in controversy, and the judgment is based upon the unsworn statement of three men selected by the parties, who arrived at their conclusion without evidence and without giving the parties an opportunity to be heard.".

Again:

"At common law the fact of an agreement to arbitrate the matter in litigation is no more than to entitle the parties to a stay of proceedings in the suit. 2 Tidd. P. R. 822; 1 Stephens N. P. 39."

In the case of Hudson v. Churchill, 20 Minn. 408 (Gil. 360), which case involved a matter of arbitration and whether or not an arbitration of pending matters ipso facto worked a discontinuance, the Supreme Court of Minnesota said as follows:

"A discontinuance being but a species of dismissal, * * * it follows that a mere submission to arbitration, though followed by an award is not here a discontinuance of the action, since it is not one of the pre-

We think it is quite clear that the trial court had jurisdiction to render the judgment complained of, and the court having done so upon a hearing regularly had for that purpose, and the motion to vacate having been filed and heard at the term of court in which the original judgment was rendered, the judgment of the trial court appealed from is affirmed.

PITCHFORD. V. C. J., and KANE, MILLER, and KENNAMER. JJ., concur.