## CLEMENT et al. v. COON et al.

No. 20659. Opinion Filed July 6, 1932.

Rehearing Denied Jan. 7, 1933.

Woodard & Westhafer and Leake, Henry, Wozencraft & Frank, for plaintiffs in error.

Bailey E. Bell and Albert A. Hughes, for defendants in error.

RILEY, J. Plaintiffs in error and defendant in error, Walter L. Knight, were defendants below in an action brought by defendant in error, Delbert W. Coon, to recover damages for personal injuries. The parties will be referred to herein as they appeared in the trial court.

The petition in substance alleges that on December 22, 1927, plaintiff was in the employ of defendants Texlite Electric Company and L. R. Clement as a laborer in constructing, repairing, and erecting electric signs; that sometime prior thereto defendant Knight had entered into a written contract with defendant Texlite Company for the construction and erection of an electric sign and placing same upon the front of the Knight Hospital at Wewoka, Okla., a two-story brick building owned by defendant Knight; that plaintiff and three other men were employed by defendant Texlite Company, acting through its superintendent and agent, L. R. Clement, to assist in erecting and hanging said sign; that said construction work was of the class and character of work coming within the provisions of the Workmen's Compensation Law of the state of Oklahoma, but that neither of said defendants had secured workmen's compensation insurance as provided by said law; that in the erection and hanging of said electric sign defendants Texlite Electric Sign Company and L. R. Clement were guilty of negligence in that they did not furnish plaintiff with a reasonably safe place to work, in that the fire wall of said building extending above the roof to which the sign was attached, and which carried the weight thereof, was but two bricks in thickness and wholly inadequate to support the weight of said sign, so that in lifting the sign from the sidewalk in front of the building to the place intended for it, which by reason of

the great weight of said sign it was necessary to use pulleys, ropes, etc., and that there was no brace or other support on the outer end of the same work to which the sign was attached; and that in lifting said sign plaintiff was directed to work near the front wall of said building and directly under the fire wall to which the sign was being attached, so that when in lifting said sign into place the weight thereof was placed upon said wall, it gave way and fell in such a way that the brick and mortar and a large stone some ten feet in length and of the thickness of two rows of bricks which had been placed in said fire wall, fell upon and struck plaintiff on the left side of his body, on his head and on his right foot and leg, whereby the bones in his foot and ankle were crushed and mangled, the nerves and muscles strained and torn, the muscles, ligaments, and nerves of his left arm and shoulder were sprained, torn and broken; five of his ribs were broken and torn from their sockets; and the muscles and nerves of his back were strained and mangled, whereby plaintiff was totally and permanently disabled for the remainder of his life from following any gainful occupation or employment.

Summons was issued and regularly served upon defendants Clement and Knight, and was served upon defendant Texlite Company by delivering a copy thereof to L. R. Clement in Tulsa county, Okla., the return showing that he was the office manager of the defendant in Tulsa county, Okla.. "no person being by said defendant corporation designated in said county upon which summons can be served, and the president, chairman of the board of directors or trustees, or other chief officer, cashier, treasurer, secretary or managing agent of said defendant corporation not being found in said county."

Defendant Texlite Company filed its special appearance and motion to quash summons for the reason that said summons was not issued and especially was not served in the manner required by law. Affidavits in support of the motion were attached thereto and made a part thereof, among which was the affidavit of W. P. Conery, Jr., in which he stated that he was the general manager of the Texlite Electric Sign Company, which was a Texas corporation having its principal place of business in Dallas, Tex.; that said company did not have at any time any office in the state of Oklahoma; that it had never qualified to do business in the state of Oklahoma; that neither L. R. Clement nor any other person in the state of Oklahoma was the office manager of said company in the state of Oklahoma.

Plaintiff filed what was termed a response to the special appearance and motion to quash, in which it was stated that on February 6 1928, and for a long time prior thereto, L. R. Clement was the Oklahoma manager of said corporation and had maintained an office on its behalf on East 11th street, in Tulsa, Okla., and that said company had never appointed a service agent within the state of Oklahoma. Affidavits of plaintiff and D. F. Coon were attached to and made a part of the response.

At the hearing on the motion additional affidavits were presented in support of the motion and testimony was taken. It was claimed that defendant never maintained an office in Oklahoma and that Clement was not the managing agent of said company in Oklahoma. The court sustained the motion to quash. Thereupon plaintiff caused a summons to issue directed to the sheriff of Oklahoma county with directions to serve same upon the Secretary of State, which was done and return made showing such service by delivering a copy thereof to the Secretary of State.

Defendant Texlite Company filed a special appearance and motion to quash this summons and the service thereof upon the same grounds in which it referred to and made the affidavits theretofore filed in support of the former motion a part thereof. At the hearing on the motion no additional testimony or evidence was taken, but the court being of the opinion that the defendant had, by the allegations of the motion and the affidavits in support thereof, made a general appearance, for the reason that the affidavits controverted the allegations contained in plaintiff's petition, overruled said motion.

Defendant corporation then filed its separate answer consisting of a general denial and specific denial that defendant Clement was an agent or employee for any purpose, or that he was its superintendent or district manager, and denying his authority to employ laborers, servants, or employees on behalf of the company. It then alleged:

"This defendant further states that the only connection or business transaction it had ever had with the defendant Walter L. Knight was that the said Clement had forwarded to this defendant an order for the construction of an electric sign, which order was delivered, through the United States mails to this defendant at its office in Dallas, and that the electric sign mentioned in plaintiff's petition was constructed by this defendant and shipped by it f. o. b. Dallas.

Texas, to Wewoka, Oklahoma, for the use and benefit of the said Walter L. Knight, and that after the placing of said electric sign on the railroad cars at Dallas, Texas, this defendant had no further connection therewith, neither did this defendant have any further supervision, control, or ownership over said sign, in so far as either the said Clement or the said Walter L. Knight were concerned, other than possibly that said Walter L. Knight was to pay for said sign."

The defenses of contributory negligence and assumption of risk were also pleaded.

Defendants Clement and Knight having filed their separate answers and plaintiff having filed separate replies to the answers of each defendant, the cause was tried to a jury resulting in a verdict and judgment for plaintiff as against defendants Clement and the Texlite Electric Sign Company, and for defendant Knight. Defendants Clement and Texlite Company appeal, making Knight a party defendant in error.

It is first urged that the court erred in overruling the motion of defendant Texlite Company to quash the summons and service thereof.

As to the reason given by the court for the ruling on this question, we hold the same insufficient.

It is conceded that the defendant Texlite Electric Sign Company is a nonresident corporation, and that it had never appointed or designated any person in Oklahoma upon whom service of summons might be had as provided by section 5433, C. O. S. 1921. The only way to obtain valid service of summons upon the defendant corporation was by serving the Secretary of State. In order to make such service valid, the defendant corporation must have been doing business in this state. The only way that such corporation could successfully attack the jurisdiction of the court over its person was by showing that it was not in fact doing business in the state of Oklahoma.

The rule in this state is that when a defendant intends to rely on want of jurisdiction over his person, he must appear, if at all, for the sole purpose of objecting to the jurisdiction of the court. An appearance for any other purpose is usually considered general. Trojan Drilling Co. v. Morrison, 83 Okla. 187, 201 P. 239. And where a defendant desires to attack the jurisdiction of the court over his person, he may, by special appearance, present that single question, but where in the same motion he presents questions calling for a ruling of the court upon the sufficiency of the facts stated in the petition to constitute a cause of action

and jurisdiction over the subject-matter, he thereby enters a general appearance and waives all defects in the process by which he was brought into court. Webster v. Crump, 117 Okla. 244, 246 P. 423.

In order for the defendant to present the single question and show the grounds upon which it denied jurisdiction of the court over its person, it became and was necessary that it deny that it was doing business in this state, and because this happened to be a denial of one of the allegations of plaintiff's petition which, coupled with the further allegation that said defendant had failed to secure workmen's compensation insurance, deemed essential to state a cause of action, was no sufficient reason for holding that defendant corporation had made a general appearance and thereby defeat the very purpose of the special appearance and motion. Otherwise in every such case a defendant would be deprived of the right to raise this jurisdictional question.

But it does not necessarily follow that, because the trial court gave a faulty reason for overruling the motion to quash, the order itself was erroneous. It has been frequently held that, where a proper ruling is made but the court bases such ruling upon an erroneous or faulty reason, the ruling thus made will not be reversed upon appeal.

A careful examination of the record made on the motion to quash the summons and service thereof will disclose that the defendant Texlite Electric Sign Company was and had been for a long time doing business in the state of Oklahoma within the meaning of section 5436, C. O. S. 1921, so as to authorize service of summons upon the Secretary of State as therein provided.

The record shows that said company is a Texas corporation having its principal place of business in Dallas, Tex.; that it was engaged in the business of manufacturing and selling electric signs; that for a long time prior to the date when plaintiff was injured, it had been selling signs to people in Oklahoma. The method of conducting the business was that defendant Clement, who resided at Tulsa, Okla., would solicit the sales and in part prepare the specifications and designs of same, and would when he secured a prospective purchaser prepare a written contract or purchase order showing type, dimension etc., of the sign desired by the purchaser, showing hanging requirements, etc., showing the contract price and terms of purchase, whether for cash or credit, or part cash and part credit. Sometimes the contract provided that the purchase price included hanging and sometimes not. In most cases, however, the cost of hanging was

included in the purchase price. In the particular contract with Knight, the contract provided: "Does price include hanging? Yes, by Clement." And: "Price does include paying city inspection fees." Prices were f. o. b. factory. But in the case of Knight the instructions were "Ship via Frisco prepaid." In all cases it was provided, "It is agreed that the title to said electric sign shall remain in the Texlite Electric Sign Company, Inc., until paid for in full." The order was made subject to acceptance and approval by the company at Dallas. The signs would as a rule be hung by or under the supervision of Clement. Sometimes the purchase price, including cost of hanging, would be paid by the purchaser to Clement, and he would forward the amount of the purchase price, less his commission, to the pany at Dallas, and it, in turn, would send purchase price, including cost of hanging, would be sent by the purchaser to the company at Dallas and it, in turn, would send Clement the amount of his commission and the cost of hanging the sign. Sometimes when a purchaser became delinquent in the payment of deferred portions of the purchase price, Clement would call upon him and urge payment. Sometimes he would collect the money and send it to the company at Dallas.

The affidavits of the president and general manager of the company, neither of them, stated that the company was not doing business in Oklahoma. They both stated that the company had not done business in Oklahoma "except through traveling salesmen."

The affidavit of defendant stated that the company had not at any time been engaged in the business of manufacturing, selling, installing, or constructing signs in the state, as affiant is informed and believes, "since Delbert W. Coon has been in the employ of affiant."

Delbert W. Coon had been employed in hanging the signs but three or four days before he was injured.

The affidavits filed by the defendant company are so qualified by careful and well guarded exceptions as to be of little value in determining the question at issue.

As we view the record, there is a much stronger showing made in favor of the contention that said company was doing business in Oklahoma than was made in favor of the state in International Harvester Co. v. Commonwealth of Kentucky, 234 U. S. 579, 58 L. Ed. 1479. There it was held:

"The continuous solicitation of orders through the local agents of a nonresident manufacturing corporation, which are sent to another state to be filled, the articles ordered being delivered within the state, and the agents having authority to receive payment in money, check, or draft, and to take notes payable at banks in the state, amounts to the doing of business in the state to the extent which will authorize the service of process upon its agents thus engaged."

And:

"A foreign corporation engaged in interstate commerce only is not for that reason immune from the service of process under the laws of the state in which it is carrying on such business."

Under the rule there announced and the facts shown by the record, we have no hesitancy in saying that defendant Texlite Electric Sign Company was, and had been for a long time, doing business in the state of Oklahoma.

There was then no error in overruling the motion to quash the summons and service thereof, although a different and untenable reason was given therefor.

It is next urged that the court erred in overruling the demurrer of the defendant Texlite Company to plaintiff's evidence, in that it is contended plaintiff's evidence wholly failed to show that said company had failed to comply with the Workmen's Compensation Law and had failed to secure payment of compensation to its injured employees, so as to confer jurisdiction upon the district court.

This proposition is somewhat novel in view of the demurrer itself and the theory of said defendant and the position taken by it throughout the trial. The demurrer of said defendant to the plaintiff's evidence was as follows:

"Comes now the Texlite Sign Company, one of the defendants, and hereby interposes a demurrer to the evidence of the plaintiff on the grounds that the evidence is not sufficient to support the allegations of plaintiff's petition, and wholly fails to support the allegations of plaintiff's petition, especially that such evidence fails to establish that the Texlite Electric Sign Company was doing business in the state of Oklahoma, or that they were engaged in any business in the state of Oklahoma at the time that would constitute interstate commerce (probably intrastate was intended), and the evidence wholly fails to establish the fact that said defendant was engaged in hanging the particular sign when the plaintiff in the case was injured, and especially that the evidence fails to show that the plaintiff was working for this company, or any one employed by this company, for the purpose of hanging signs; that the best that the evidence does

show is that the plaintiff was engaged in hanging signs: that he was not employed by this moving company, this company, and the evidence does not show that the codefendant, L. R. Clement, was an employee, agent, superintendent, or manager of any business of the defendant company, other than as traveling salesman sending in orders to the company to be filled for the manufacture of signs."

The position taken by said defendant throughout the entire case was that it had never done any business in Oklahoma; that it had never had any employees in the state of Oklahoma, and that plaintiff was not its employee and never had been.

From the record made, said defendant throughout the trial must have conceded and did concede that it had never secured the payment of workmen's compensation for any employee in Oklahoma.

Both sides were proceeding upon the theory that defendant Texlite Company did not carry workmen's compensation insurance.

In view of the record thus made, no formal proof was required on this technical issue.

It is next contended that the court erred in refusing to permit defendants to present evidence intended to support their allegations of contributory negligence and assumption of risk and erred in refusing to submit those issues to the jury. The contention is made upon the ground that section 6, art. 23, of the Constitution provides:

"The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact, and shall at all times, be left to the jury."

It is asserted that by reason of this provision defendants have a vested right to have the questions of contributory negligence and assumption of risk submitted to and decided by a jury.

It is conceded that section 7286, C. O. S. 1921, takes these defenses from the defendants if it be true that they were within the law requiring that they secure the payment of compensation to their employees, in that it provides:

"The liability prescribed in the last preceding section shall be exclusive, except that. if an employer has failed to secure the payment of compensation for its injured employee, as provided in this act, then an injured employee or his legal representative, if death results from the injury, may maintain an action in the courts for damages on account of such injury, and in such an action the defendant may not plead or prove as defense that the injury was caused by the negligence of a fellow servant, or that the employee assumed the risk of his employment, or that the injury was due to the contributory negligence of the employee."

While the Constitution provides that these questions shall in all cases be for a jury, it does not provide that contributory negligence or assumption of risk shall in all cases be a defense in actions for damages by an employee against an employer based upon the negligence of the employer. Both were defenses at common law, but the common-law rule has been limited or modified in practically every jurisdiction.

There being no vested right in a rule of the common law, the defenses of contributory negligence and assumed risk may be restricted or abrogated as to cause of action arising after the passage of the statute restricting or abrogating such defense. 12 C. J. 873.

Defendants certainly would have had the right to have these questions submitted to and decided by the jury had. the defenses been proper in this particular class of cases, but the Legislature having taken away these defenses in this class of cases, and the act not being in conflict with any constitutional provision, the court was correct in its rulings.

It is next contended that the court erred in refusing to enter judgment against the defendant Knight on the theory that if any of the defendants were liable to the plaintiff under the pleadings and evidence, then Dr. Knight, the owner of the building who was having the sign installed, was as a matter of law liable along with the other defendants.

The court instructed the jury that as to defendant Knight, defendant Clement and the Texlite Electric Sign Company were independent contractors, and that if the jury should find the plaintiff's injuries resulted solely from the negligence of the defendant sign company or Clement or any of their several agents or employees and not on account of any negligence of defendant Knight, then a verdict could not be rendered against defendant Knight.

This instruction. under the record, when taken in connection with other instructions given, stated the law correctly. The jury returned its verdict in favor of Knight and the other defendants have no right to complain of the refusal of the court to enter judgment against defendant Knight.

Complaint is made of certain instructions given and of the refusal to give certain instructions requested by defendants. A careful examination of the record discloses no substantial error therein.

Complaint is also made of the refusal

of the court to permit defendants to cross-examine defendant Clement on certain matters. Clement was used as a witness to identify a certain insurance policy under which it was claimed the defendant Texlite Company recognized Clement as its employee.

The matters sought to be elicited by defendants on cross-examination were not gone into by plaintiff. Plaintiff objected unless defendants made the witness their own. This they declined to do. There was no error in sustaining the objection under the circumstances.

We find no substantial error in the record, and the judgment is hereby affirmed.

HEFNER, CULLISON, ANDREWS, and KORNEGAY, JJ. concur. McNEILL, J., disqualified. LESTER, C. J., CLARK, V. C. J., and SWINDALL, J., absent.

Note: See under (3), annotation in 9 L. R. A. (N. S.) 1214; 44 L. R. A. (N. S.) 1097; 46 A. L. R. 572; 60 A. L. R. 1034, 1035; 21 R. C. L. 1343, 1344; R. C. L. Perm. Supp. p. 5164; R. C. L. Pocket Part, title Process, § 93. (4), annotation in L. R. A. 1916A, 219; L. R. A. 1917D, 90; 28 R. C. L. 750; R. C. L. Perm. Supp. p. 6201; R. C. L. Pocket Part, title Workmen's Compensation, § 45.