## R. W. YATES LAUNDRY MACHINERY CO. v. HOPPE.

No. 21137. Opinion Filed July 19, 1932.

Rehearing Denied Nov. 1, 1932.

Frank Ertell and H. Tom Kight, for plaintiff in error.

Geo. W. Reed, Jr., for defendant in error.

HEFNER, J. This is an action brought in the district court of Tulsa county by R. R. Hoppe against the R. W. Yates Laundry Machinery Company, a corporation, to recover commissions alleged to be due him for the sale of laundry machinery.

Defendant is a foreign corporation and has failed to appoint a resident agent upon whom service of summons might be had, as provided by section 5433, C. O. S. 1921 [O. S. 1931, sec. 130]. Plaintiff obtained service upon the corporation by serving the Secretary of State, as provided by section 5436, C. O. S. 1921 [O. S. 1931, sec. 133], and upon such service judgment by default was rendered against defendant. Thereafter a special appearance was entered by defendant and motion filed and presented by it to vacate the judgment on the ground that it was not doing business within this state within the meaning of the service statute, and that service upon it by serving the Secretary of State was therefore unauthorized, and the judgment rendered on such service was absolutely void. The trial court overruled the motion and entered an order refusing to vacate the judgment. Defendant appeals and asserts that such ruling is contrary to law.

It is the contention of defendant that plaintiff has failed to prove that it was transacting business in this state within the meaning of section 5433, supra. On this question, the evidence shows that defendant is a foreign corporation created under the laws of the state of Missouri, and is en-

gaged in the manufacture and sale of laundry machinery, with its principal factory and place of business in Kansas City, Mo. Plaintiff was employed as its agent and traveling salesman to solicit orders in this state for the sale of its products. The orders were taken by plaintiff on written blanks furnished by the defendant, which orders contained the following provision:

"The foregoing shall not become a binding contract until accepted by the R. W. Yates Laundry Machinery & Supply Company at its home office in North Kansas City, Missouri."

Numerous orders were taken by plaintiff, some of which were submitted to defendant at its Kansas City office for approval, and on such approval, the machinery was shipped to the customers in this state. However, numerous orders were taken by plaintiff while the secretary of defendant corporation was present in the state, and he here approved and accepted such orders. Plaintiff was authorized, in making sales, to take in old machinery as part payment, and he did on numerous occasions take in such machinery and store the same in a warehouse in the city of Tulsa. He sold this old machinery to various persons in this state and delivered the same to them from the Tulsa warehouse. Defendant did not keep or own a warehouse in this state, but paid rental on storage space for such machinery as was stored. The evidence also shows that defendant had no other agent than plaintiff within the state and kept no office or place of business in the state.

The questions for our determination are; Do these facts show that defendant was transacting business within this state within the meaning of section 5433, supra, requiring the appointment by it of a resident agent upon whom service might be had? And does the failure of defendant to make such appointment, under this state of facts, authorize service upon it by serving the Secretary of State as provided by section 5436, supra? In our opinion these questions must be answered in the affirmative.

In the recent case of L. R. Clement v. Coon. No. 20659, 161 Okla. ____, ____ P. (2d.) ____, the court said:

"The continuous solicitation of orders, through local agents of a nonresident sign manufacturing corporation, which are sent to another state to be filled, the signs ordered being delivered and erected within this state under purchase contracts which include the cost of hanging, and, where the sales are made on credit, the title to the signs is retained in the company until the purchase price is paid and the salesman who solicited the order makes collections of the purchase price and sends same to the company, amounts to the doing of business in this state to the extent which will authorize service of process against such company on the Secretary of State where no person is appointed by such company upon whom service of summons can be made in this state."

Under this authority, the approval of the various orders taken by plaintiff by an officer of the corporation within the state, and the storage of machinery within the state and sales of the machinery so stored, constitute transacting business within the state within the meaning of the service statute.

Defendant, under the evidence, has failed to appoint a resident agent as provided by statute, and service upon the Secretary of State was therefore authorized and the judgment rendered on such service is valid.

Defendant contends that the judgment is void for the reason that the statute in question only authorizes substituted service where the cause of action accrues to a resident of the state; and that the records show plaintiff was not a resident of the state at the time his cause of action accrued, and could not obtain service on it under this provision of the statute. The record is against defendant on this question. It conclusively shows that plaintiff was a resident of the state when his cause of action accrued against defendant.

Defendant finally urges that the statute authorizing substituted service upon a foreign corporation does not apply to an agent or employee of the corporation. We do not agree with this interpretation of the statute. Section 5436, supra, in part, provides:

"In all cases where a cause of action shall accrue to a resident or citizen of the state of Oklahoma, by reason of any contract with a foreign corporation doing business in this state, or where any liability on the part of such foreign corporation shall accrue in favor of any citizen or resident of this state, whether in tort or otherwise, and such foreign corporation has not designated an agent in this state upon whom process may be served or has not an officer continuously residing in this state, upon whom summons or other process may be served so as to authorize a personal judgment, service of summons or other process may be had upon the Secretary of State. * * *"

It will be observed that the statute allows substituted service in all cases where a cause of action accrues to a resident

against a noncomplying foreign corporation. No exception is made in favor of foreign corporations as against agents or employees thereof. We are not authorized to read such provisions into the statute. The court correctly held the statute applicable to plaintiff.

The judgment is affirmed.

LESTER, C. J., and SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY, CULLISON, and McNEILL, JJ., absent.