STEINWAY·v. MAJESTIC AMUSEMENT
CO. et al.

No. 3901.

United States Court of Appeals
Tenth Circuit.

Dec. 28, 1949.

Rehearing Denied Feb. 9, 1950.

Neal E. McNeill, Tulsa, Okl., for appellant.

John A. Johnson, Oklahoma City, Okl., for appellees.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

Appellant appeals from a judgment of the District Court sustaining a motion to quash attempted service of summons for lack of personal service, and dismissing this cause for improper venue, on the grounds that the appellee Hotel Last Frontier was not transacting business within the meaning of Section 1.17, 18 O.S.A.,

authorizing service of summons upon the Secretary of State if the foreign corporation sued is "engaging in or transacting business" within the State and fails to maintain a registered agent for the service of process.

Appellant, a resident of New York, and a minority stockholder in the Majestic Amusement Company, an Oklahoma corporation, brought this action against that corporation, the Griffith Consolidated Theatres, Inc. and Griffith Metropolitan Theatres, Delaware corporations, domesticated in the State of Oklahoma, and Hotel Last Frontier, a Nevada corporation. The basis of her action is an alleged conspiracy between all the defendants, whereby Griffith Consolidated acquired a majority of the Majestic stock, which it sold to the Hotel Last Frontier for the purpose of allowing that corporation to vote the Majestic stock in furtherance of Griffith's plan to completely dominate and control its competitor, the Majestic; that by reason of the complete domination and control exercised by Griffith the business of the Majestic has been greatly impaired to the damage of the plaintiff minority stockholder. The prayer is for a judgment declaring Griffith's acquisition of the Majestic stock illegal, and that Griffith and its alleged affiliated corporation, Hotel Last Frontier, be permanently enjoined from voting the same by proxy or otherwise.

The defendant Hotel Last Frontier, not being domesticated or having a registered agent within the State of Oklahoma, process was made upon the Secretary of State in compliance with Section 1.17, supra. By motion to quash the service of summons the Hotel Last Frontier challenged jurisdiction over its person, contending that it was not "engaging in or transacting business" within the State of Oklahoma, and therefore could not be found for service of process. Affidavits, documents, answers to interrogatories, depositions and counter affidavits filed in support of the

motion show that the only activity of the Hotel Last Frontier in Oklahoma consisted of voting its Majestic stock by proxy on two separate occasions, thus electing a new Board of Directors for the Majestic corporation. The trial court sustained the motion to quash for lack of personal service; dismissed the action as to the Hotel Last Frontier for improper venue, and as to the Griffith corporations on the grounds that the Hotel Last Frontier was an indispensable party to the action against them.

Rule 4(d) (1, 7), F.R.C.P., 28 U.S.C.A., provides for service of summons upon a foreign corporation in the federal courts in the manner prescribed by the law of the State in which the service is made. The first question then is whether the service was valid under Oklahoma law. If it was not, the case must be affirmed. If it was, the question then arises whether the service deemed valid under local law comports with due process. Bomze v. Nardis Sportswear, 2 Cir., 165 F.2d 33; Vol. 18 Fletcher Cyclopedia Corporation, Sec. 8706, p. 327.

Recognizing that the statutory term "engaging in or transacting business" is incapable of satisfactory definition, the Oklahoma courts, by a process of inclusion and exclusion, have given the term the same meaning and content generally accorded it by federal and other decisions, which have construed it with an eye to due process. Consolidated Flour Mills Co. v. Muegge, 127 Okl. 295, 260 P. 745,[1] R. W. Yates Laundry Machinery Co. v. Hoppe, 160 Okl. 584, 15 P.2d 584; Clement v. Coon, 161 Okl. 216, 18 P.2d 1059; Wills v. National Mineral Co., 176 Okl. 193, 55 P.2d 449, 452.

■ While leaving every case to its own facts, it is generally understood that to constitute "engaging in or transacting business" in a state, so as to be found or present there for purposes of personal service, a nonresident corporation's activi-

---

1. Reversed by the Supreme Court of the United States, Consolidated Flour Mills Co. v. Muegge, 278 U.S. 559, 49 S.Ct. 17, 73 L.Ed. 505, on the authority of Wuchter v. Pizzutti, 276 U.S. 13, 48 S. Ct. 259, 72 L.Ed. 446, 57 A.L.R. 1230. The opinion in the Wuchter case does not derogate from the Oklahoma court's definition of the statutory term "engaging in or transacting business."

ty there must be "substantial", "continuous", and "regular", as distinguished from "casual", "single", or "isolated" acts. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057; Rosenberg Bros. & Co. v. Curtis Brown Co., 260 U.S. 516, 43 S.Ct. 170, 67 L.Ed. 372; 18 Fletcher Cyclopedia Corporations, Secs. 8711, 8713 and 8715.

Where a nonresident corporation is organized for the very purpose of holding and controlling the stock of a resident corporation and thus manages and directs the internal affairs of the resident corporation, courts have disregarded the corporate entity and treated it as the alter ego of the nonresident corporation for the purpose of service of process. See Bankers' Holding Corporation v. Maybury, 161 Wash. 681, 297 P. 740, 75 A.L.R. 1237; Cloverleaf Freight Lines v. Pacific Coast Wholesalers Ass'n, 7 Cir., 166 F.2d 626; Annotation, 75 A.L.R. 1242. But, none of the cases we have seen go so far as to hold mere ownership and voting of a majority of the stock of a resident or domesticated corporation by a nonresident corporation sufficient to justify ignoring the corporate entity for the purpose of service of process. On the contrary, the cases relied upon by the trial court hold without deviation that mere ownership and voting of the majority stock of a resident or domesticated corporation in the state does not constitute "doing business" therein, in a manner to make it amenable to personal service, even though by so doing it elects the corporate officers, thus indirectly controlling corporate affairs. Conley v. Mathieson Alkali Works, 190 U.S. 406, 23 S.Ct. 728, 47 L.Ed. 1113; Peterson v. Chicago, Rock Island & Pacific R. Co., 205 U.S. 364, 27 S.Ct. 513, 51 L.Ed. 841; Philadelphia & Reading Ry. Co. v. McKibbin, 243 U.S. 264, 37 S.Ct. 280, 61 L.Ed. 710; Peoples Tobacco Co. v. American Tobacco Co., 246 U.S. 79, 38 S.Ct. 233, 62 L.Ed. 587, Ann.Cas.1918C, 537; Cannon Manufacturing Co. v. Cudahy Packing Co., 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634; Consolidated Textile Corp. v. Gregory, 289 U.S. 85, 53 S.Ct. 529, 77 L.Ed. 1047; Wilhelm v. Consolidated Oil Corp., 10 Cir., 84 F.2d 739; Hutchinson v. Chase & Gilbert, 2 Cir., 45 F.2d 139; American Fire Prevention Bureau v. Automatic Sprinkler Co., D.C., 42 F.Supp. 220.

Without denying the rule of these cases, appellant nevertheless insists that they must now be construed in conformity with the philosophy of International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057; United States v. Scophony Corp., 333 U.S. 795, 68 S.Ct. 855, 92 L.Ed. 1091, and Frene v. Louisville Cement Co., 77 U.S.App.D.C. 129, 134 F.2d 511, 146 A.L.R. 926, which she contends has broadened the concept of "doing business", "engaging in business", "presence" and "found" to embrace the activities of the Hotel Last Frontier, complained of as the basis for this action.

In the International Shoe Company case the State of Washington levied an unemployment compensation tax against the commissions of salesmen who exhibited samples and solicited orders from prospective buyers to be accepted or rejected by the foreign corporation at a point outside the State. The Washington Supreme Court sustained the service of process on a salesman in a suit to collect the tax, holding that the systematic solicitation of orders in the State, resulting in a continuous flow of the company's product into the State, constituted doing business, so as to make it amenable to process of the courts in that State. The only question before the United States Supreme Court was whether the Washington court had exceeded the bounds of due process in sustaining the service. The court was of the opinion, that when the quality and nature of the Shoe Company's activities in the State were considered in relation to the "orderly and fair administration of the laws", the asserted jurisdiction did not infringe due process. See also Bomze v. Nardis Sportswear, supra; Cloverleaf Freight Lines v. Pacific Coast Wholesalers Ass'n, supra; Bach v. Friden Calculating Machine Co., 6 Cir., 167 F.2d 679.

In the Scophony case jurisdiction over the foreign corporation was asserted by virtue of process and venue under Section 12 of the Clayton Act, 15 U.S.C.A. § 225,

providing for service of process on a corporation "in the district of which it is an inhabitant, or wherever it may be found", and fixing venue in the district "whereof it is an inhabitant," or "wherein it may be found or transacts business". Adopting a "nontechnical, business standard" [333 U.S. 795, 68 S.Ct. 863] for the statutory term "transacts business", the court was of the opinion that to say on the facts presented Scophony transacted no business of any substantial character in the state of New York, where the suit was commenced, would ignore the fact that it was carrying on largely, if not exclusively, the only business in which it could engage at that time. It thus sustained the service and venue, without exploring the outer limits of due process.

■ These cases do indicate a definite disposition to broaden the concept of "engaging in business" to include mere solicitation, if it is sufficiently continuous to amount to a course of business. But, there is nothing in the philosophy of these cases, or Frene v. Louisville Cement Co., supra, to justify the conclusion that the mere ownership and voting of the majority of stock of a domestic corporation by a nonresident corporation on two separate occasions is of such substantial character as to amount to "engaging in or transacting business" within the meaning of the state statute. Nor do they warrant disregard of corporate entities, so as to treat the acts of the resident corporation as those of the nonresident stockholder corporation. Cf. Bankers' Holding Corporation v. Maybury, supra; Cloverleaf Freight Lines v. Pacific Coast Wholesalers Ass'n supra. See also National Carbide Corp. v. Commissioner, 336 U.S. 422, footnote 21, pages 438, 439, 69 S.Ct. 726, page 735.

It may be that the more realistic philosophy of the later cases will eventually lead to the recognition of these acts as legally sufficient to sustain asserted jurisdiction over the non-resident corporation. And, we might now say for ourselves that any such assertion of "physical power" would not offend "traditional notions of fair play and substantial justice". Milliken v. Meyer, 311 U.S. 457, 459, 61 S.Ct. 339, 343, 85 L.Ed. 278, 132 A.L.R. 1357. Yet, we know that the Oklahoma courts have not gone so far, and we canont now forecast that they will.

Appellant further contends that even though the court did not have personal jurisdiction over the Hotel Last Frontier it acquired jurisdiction over the subject matter of the action and could proceed under the provisions of 28 U.S.C.A. § 1655. Appellant did not proceed under, nor comply with, this section in the district court, nor could she do so. This is not an action "to enforce any lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to, real or personal property within the district." She cannot successfully contend either that she has a claim to the Hotel Last Frontier's stock or that the appellees' alleged illegal acts constitute a cloud on the title of her own stock; her cause of action seeks to enjoin the voting of the stock and falls outside the purview of Section 1655. General Investment Co. v. Lake Shore & Michigan Southern Ry. Co., 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244; Wilhelm v. Consolidated Oil Corp., supra; Consolidated Textile Corp. v. Dickey, 5 Cir., 269 F. 942.

Appellant also relies upon Section 51 of the Judicial Code, 28 U.S.C.A. § 1401, relating to venue. But, the service of process being defective, we do not reach the venue question.

■ Appellant lastly contends that the court erred in sustaining the motion to dismiss the action against the Griffith corporations. The motion was sustained after the defendant Hotel Last Frontier had been eliminated as a defendant. The prayer was for a decree that Griffith's acquisition of the stock was illegal and to restrain all defendants from voting such stock. Since a decree granting any of the relief sought would affect the stock owned by the Hotel Last Frontier, it was necessarily an indispensable party to the action and the court had no alternative than to dismiss as to all defendants. General Investment Co. v. Lake Shore Michigan Southern Railway Co., supra; State of Washington v. United States, 9 Cir., 87 F.2d 421; Jones v. Gould, 6 Cir., 149 F. 153.

The judgment is affirmed.