**EXPOTRADE, LTD., a Colorado Corporation, Joseph E. Holness, and Frank Grattan, Plaintiffs,**

v.

**Luis Jose DOMINGUEZ, Defendant.**

Civ. A. No. 78–C–784.

United States District Court, D. Colorado.

May 3, 1979.

Frederick L. Ginsberg and Pamela A. Gordon, Denver, Colo., for plaintiffs.

Wm. Lance Gerlin, Helliwell, Melrose & DeWolf, Miami, Fla., and Paul D. Rubner, of Sterling, Simon & Rubner, Denver, Colo., for defendant.

## OPINION AND ORDER

CHILSON, District Judge.

Alleging diversity jurisdiction, plaintiff instituted this action seeking damages from defendant for alleged negligence, breach of contract and "intentional misrepresentations."

Defendant was served with process in Florida and has moved to dismiss the action for lack of jurisdiction or in the alternative, to quash the service of process.

Plaintiff, Expotrade, is a Colorado corporation; plaintiff, Holness, is a citizen of Colorado; plaintiff, Grattan, is a citizen of New York State and defendant is a citizen of the Dominican Republic and a resident alien residing in Florida. As a resident alien, defendant may be sued in any district. 28 U.S.C. § 1391(d) (1976).

The question here involved is whether or not this Court has acquired jurisdiction over the person of the defendant by the service of process upon him in the State of Florida. The resolution of this question turns on whether or not the defendant had the "minimum contacts" with the State of Colorado required by *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

The facts pertinent to a determination of this question are not controverted in any material respects.

In the year 1977, all of the parties were engaged and had been engaged in the business of procuring the sale, import and export of goods on a multi-national basis. Holness and Dominguez met socially in Miami Beach, Florida, in September 1977 and by agreement attempted to negotiate the export of certain products to Ecuador. The attempts were not successful. In December 1977, Dominguez contacted Holness by telephone at Fort Collins, Colorado, and informed him that certain military equipment owned by the government of Spain might be available for sale. As a result, Expotrade and Holness entered into a partnership agreement whereby they agreed to share certain expenses and profits in carrying on their business including an attempt to find a buyer for the Spanish military equipment.

Plaintiffs allege they found a ready, willing and able buyer (a foreign country or a foreign national) but the sale was not consummated because of alleged misrepresentations concerning the equipment by defendant.

In pursuing the efforts to find a buyer, Holness in Colorado and the defendant in Florida, communicated with each other frequently by telephone and telex and defendant on at least one occasion was in Spain to inspect the equipment. The sole contacts of the parties with the State of Colorado lies in the fact that Holness resided and had his office in Colorado from which he pursued his efforts to find a buyer for the Spanish equipment.

From the time that Dominguez and Holness met in Florida in August 1977, to the institution of this action, Dominguez was never present within the State of Colorado; all communications between Dominguez and the plaintiffs were by telephone, telex or some other form of written communication; the products proposed to be sold were located in a foreign nation; the prospective purchaser of the goods was a foreign nation or foreign individual; it was never contemplated that any of the Spanish equipment

was to be sold within the State of Colorado and none of the equipment was ever located in the State of Colorado.

## CONCLUSIONS OF LAW

■ In a diversity action, the question of personal jurisdiction is a matter of state law. *Steinway v. Majestic Amusement Co.,* 179 F.2d 681 (10th Cir. 1949). The Colorado "Long Arm Statute," C.R.S. § 13–1–124 (1973) states in pertinent part:

*"Jurisdiction of [the] courts.* (1) Engaging in any act enumerated in this section by any person, whether or not a resident of the state of Colorado, either in person or by agent, submits such person, and, if a natural person his personal representative to the jurisdiction of the courts of this state concerning any cause of action arising from: (a) The transaction of any business within the state;"

This section has been interpreted as extending the jurisdiction of the Colorado courts to the "fullest extent permitted by the due process clause of the fourteenth amendment . . . ." *Safari Outfitters, Inc. v. Superior Court,* 167 Colo. 456, 448 P.2d 783 (1969).

■ Therefore, the only question which must be determined is whether the exercise of jurisdiction over the defendant comports with the protection provided by the due process clause. Resolution of that question turns on whether or not the defendant had minimum contacts with the state, "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

This test, stated the Court,

" . . . cannot be simply mechanical or quantitative . . . Whether due process is satisfied must depend rather upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure." 326 U.S. at 319, 66 S.Ct. at 159–160.

In *Van Schaack & Co. v. District Court,* Colo., 538 P.2d 425 (1975), the Colorado Supreme Court adopted a three prong test to determine the outer limits of due process:

" 'First, the defendant must purposefully avail himself of the privilege of acting in the forum state or of causing important consequences in that state. Second, the cause of action must arise from the consequences in the forum state of the defendant's activities. Finally, the activities of the defendant or the consequences of those activities must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.' " *Id.* at 426. *See also Tucker v. Financial Corporation,* Colo., 560 P.2d 453 (1977).

■ Applying the *Van Schaack* test to the facts of the instant case, the court is unable to find any act by which " 'the defendant purposefully avail[ed] himself of the privilege of acting in the forum state or of causing important consequences in that state.' " *Van Schaack, supra* at 426.

Additionally, it was held in *Safari Outfitters Inc. v. Superior Court,* 167 Colo. 456, 448 P.2d 783 (1968) phone conversations, correspondence and the receipt of checks are not "purposeful acts" such as to confer a forum state with extraterritorial jurisdiction. *Id.* 448 P.2d at 785.

Therefore, this Court finds that it is without jurisdiction over the person of the defendant and the defendant's motion to dismiss should be granted without prejudice.

IT IS THEREFORE ORDERED that defendant's motion to dismiss be and the same is hereby granted.

IT IS FURTHER ORDERED that final judgment of dismissal of this action and the complaint therein, without prejudice, shall forthwith enter and defendant have judgment of his costs to be taxed by the Clerk of the Court upon the filing of a bill of costs.