land, and disclaimed any interest therein. It was admitted in a stipulation between the parties that defendant McKown did on, March 29, 1926, convey said land by quit-claim deed to one M. J. Woodward. Woodward was not a party to the suit, and defendant McKown contends that, before he can be held for damages for wrongfully clouding plaintiff's title, Woodward's deed, would have to be declared wrongful and he decreed to have no interest, and that could be done only after Woodward was heard. It appears from the record, however, and the court so found, that the deed from McKown to Woodward was not placed on record until April 19, 1926, and this suit was instituted prior to that time, and at a time when the record title was still in McKown, on, to wit, April 6, 1926.

Section 260, C. O. S. 1921, provides:

"When the petition has been filed, the action is pending, so as to charge third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject-matter thereof as against the plaintiff's title; but such notice shall be of no avail unless the summons be served or the first publication made within 60 days after the filing of the petition."

The record further shows timely issuance of summons and the return thereof showing service on defendants was filed April 7, 1926.

In Tilghman v. Sykes, 103 Okla. 50, 229 Pac. 634, this court held in the 3rd paragraph of the syllabus thereof:

"Under section 260, Comp. Stat. 1921, deeds taken by third parties from the defendants in the action conveying an interest in real estate involved in the action are void as to the plaintiff in said action."

It seems, therefore, the unrecorded deed of Woodward was void as to the plaintiff in this action. See, also, Holland v. Cofield, 27 Okla. 469, 112 Pac. 1032; and Smith v. Worster, 59 Kan. 640, 54 Pac. 677. In Baker v. Leavitt, 54 Okla. 70, 153 Pac. 1099, this court said:

"One who purchases real property from a party to an action involving the title thereto after the institution and during the pendency of such action, is bound by the judgment rendered therein against his grantor, and acquires no greater rights than his grantor. 23 Cyc. pp. 1253-1257. * * *

"Section 4732, Rev. Laws 1910 (260, Comp. Stat. 1921), known as the lis pendens statute, was enacted for the express purpose of preventing one from buying real property during the pendency of an action involving the title to the same."

Under these authorities, Woodward was bound by the judgment rendered against his grantors and was not a necessary party to the action. As hereinbefore pointed out, at the time this suit was filed, the record title under the deed from Zoe Rhodd stood in the name of defendant McKown, and under the evidence and findings of the court based thereon, said deed was clearly void, and McKown's deed to Woodward was likewise void, and the judgment of the district court canceling these deeds and quieting title in plaintiff was correct.

It is true, as defendant contends, that no evidence was offered by plaintiff as to the charge of conspiracy, unlawful extortion, etc., which undoubtedly would have been necessary to support a judgment for punitive or exemplary damages as prayed for in the petition. This element of damages was evidently abandoned by plaintiff, as no judgment was sought or rendered thereon. The evidence herein, however, discloses and the trial court so found, that the placing of the deed on record by defendant McKown was wrongful and no justifiable cause was shown or attempted to be shown therefor, and under this state of the record, as was said in Kingkade v. Plummer, 111 Okla. 197, 239 Pac. 628, malice will be presumed, and defendant is therefore clearly liable to plaintiff for the actual damage directly caused plaintiff by reason of the wrongful clouding of his title as found by the court, without regard to the particular items comprising the total damage.

Finding no reversible error in the record, and there being ample evidence to support the finding of the court and the judgment rendered thereon, same is hereby affirmed.

MASON, V. C. J., and HARRISON, LESTER, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 32 Cyc. p. 1381; 5 R. C. L. p. 679. (2) 32 Cyc. p. 1374 (Anno).

---

## McKOWN v. PHILLIPS.

No. 18427. Opinion Filed May 1, 1928.

(Syllabus.)

### Quieting Title—Right to Damages—Necessary Expenditures for Removal of Cloud.

The judgment of the trial court is affirmed upon authority of No. 18426, McKown v. Haught, this day decided (130 Okla. 253).

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by E. L. Phillips against Omer McKown. Judgment for plaintiff, and defendant brings error. Affirmed.

Goode & Dierker, for plaintiff in error.

Park Wyatt and S. F. Bailey, for defendant in error.

HUNT, J. The identical question here presented was involved in 18426, Omer McKown v. Sherman Haught, this day decided (130 Okla. 253), and by stipulation of the parties these cases were submitted on the same briefs. We have examined the record in the instant case, and find ample evidence to support the findings of the trial court, and the judgment rendered thereon. The decision in McKown v. Haught, supra, is therefore controlling here, and, upon authority of that case, it is ordered that the judgment herein be, and the same is hereby, affirmed.

MASON, V. C. J., and HARRISON, LESTER, CLARK, and RILEY, JJ., concur.

Note.—See 32 Cyc. pp. 1374 (Anno), 1381.

## McKOWN v. GREEN.

No. 18428. Opinion Filed May 1, 1928.

(Syllabus.)

**Quieting Title—Right to Damages—Necessary Expenditures for Removal of Cloud.**

The judgment of the trial court is affirmed upon authority of No. 18426, McKown v. Haught, this day decided (130 Okla. 253).

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by J. D. Green against Omer McKown. Judgment for plaintiff, and defendant brings error. Affirmed.

Goode & Dierker, for plaintiff in error.

Park Wyatt and S. F. Bailey, for defendant in error.

HUNT, J. The identical question here presented was involved in 18426, Omer McKown v. Sherman Haught, this day decided (130 Okla. 253), and by stipulation of the parties these cases were submitted on the same briefs. We have examined the record in the instant case, and find ample evidence to support the findings of the trial court and the judgment rendered thereon. The decision in McKown v. Haught, supra, is therefore controlling here, and, upon authority of that case, it is ordered that the judgment herein be, and the same is hereby, affirmed.

MASON, V. C. J., and HARRISON, LESTER, CLARK, and RILEY, JJ., concur.

Note.—See 32 Cyc. pp. 1374 (Anno), 1381.

## McKOWN v. GREEN.

No. 18429. Opinion Filed May 1, 1928.

(Syllabus.)

**Quieting Title—Right to Damages—Necessary Expenditures for Removal of Cloud.**

The judgment of the trial court is affirmed, upon authority of No. 18426, McKown v. Haught, this day decided (130 Okla. 253).

Error From Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by J. C. Green against Omer McKown, Judgment for plaintiff, and defendant brings error. Affirmed.

Goode & Dierker, for plaintiff in error.

Park Wyatt and S. F. Bailey, for defendant in error.

HUNT, J. The identical question here presented was involved in 18426, Omer McKown v. Sherman Haught, this day decided (130 Okla. 253), and by stipulation of the parties these cases were submitted on the same briefs. We have examined the record in the instant case, and find ample evidence to support the findings of the trial court and the judgment rendered thereon. The decision in McKown v. Haught, supra, is therefore controlling here, and, upon authority of that case, it is ordered that the judgment herein be, and the same is hereby, affirmed.

MASON, V. C. J., and HARRISON, LESTER, CLARK, and RILEY, JJ., concur .

Note.—See 32 Cyc. pp. 1374 (Anno), 1381.

## McKOWN v. CUFF.

No. 18430. Opinion Filed May 1, 1928.

(Syllabus.)

**Quieting Title—Right to Damages—Necessary Expenditures for Removal of Cloud.**

The judgment of the trial court is affirmed upon authority of No. 18426, McKown v. Haught, this day decided (130 Okla. 253).

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by J. J. Cuff against Omer Mc-