## McKOWN v. HAUGHT.

No. 18426.   Opinion Filed May 1, 1928

(Syllabus.)

**1. Quieting Title—Right to Damages—Necessary Expenditures for Removal of Cloud.**

In a suit to quiet title and for actual damages sustained by reason of the wrongful clouding of plaintiff's title, plaintiff is entitled to recover as damages any reasonable sums shown by the evidence to have been actually and necessarily expended in order to remove the cloud from his title.

**2. Same—Judgment for Plaintiff Sustained.**

Evidence herein examined; held, sufficient to support finding of court that defendant wrongfully clouded plaintiff's title, and the judgment rendered thereon for actual damages sustained by plaintiff.

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by Sherman Haught against Omer McKown and another. Judgment for plaintiff, and defendant McKown brings error. Affirmed.

Goode & Dierker, for plaintiff in error.

Park Wyatt and S. F. Bailey, for defendant in error.

HUNT, J.  This action was instituted in the superior court of Pottawatomie county by defendant in error, as plaintiff, against plaintiff in error and Zoe Rhodd, defendants. The relief sought was to quiet title to certain lots in the town of Maud, Okla., and to cancel certain instruments caused to be placed on record by defendants affecting the title to said lots, and for damages, both actual and exemplary, because of alleged wrongful clouding of plaintiff's title.

The case was tried to the court, and the court found that the instruments complained of were wrongfully filed by defendant Omer McKown, and that same constituted a cloud upon plaintiff's title and that by reason thereof plaintiff had sustained actual damages in the sum of $56.50. Judgment was therefore rendered, canceling the instruments complained of and quieting title in plaintiff and for damages in the sum of $56.-50. From this judgment, the defendant McKown appeals.

The parties will be referred to here as they appeared in the court below. Ten assignments of error are set out in the petition in error filed herein, the first, third, and seventh of which are grouped by plaintiff in error in his brief under one proposition, to wit:

"For the reason that the court erred in overruling the defendant's demurrer to the evidence."

That the determination of this question is decisive of this appeal, plaintiff in error apparently concedes, since the other assignments of error are not argued in the brief, and same will therefore be considered as waived.

In presenting this question no contention is made as to the judgment canceling the deeds and quieting title in the plaintiff. It clearly appears in the statement of the case as set out in defendant's brief that the appeal is from the judgment for damages, and it is the admission of testimony concerning attorney's fees and abstract fees, etc., about which defendant complains. It is, therefore, unnecessary to review all the testimony, but sufficient to say that the evidence clearly established that defendant's grantor had no title to the lots in question, was not in possession thereof, and that plaintiff and those through whom he claimed had been in continuous and uninterrupted possession for about 26 years.

The testimony further showed that plaintiff had been required to expend some $56.50 for attorney fees and abstract expenses by reason of the wrongful clouding of his title by defendant. No evidence was offered on the part of defendant. It appears from the journal entry of judgment that the court made no specific findings as to attorney fees and rendered no judgment for same, as such, but merely found that defendant had wrongfully clouded plaintiff's title and that plaintiff had thereby sustained actual damages in the sum of $56.50, and rendered judgment for said amount.

Defendant's entire argument seems to be based on the assumption that this is a judgment for attorney fees, and because of the fact that there is no statutory authority for allowing recovery of attorney fees in actions of this kind, that the judgment is therefore erroneous. Defendant calls attention in his brief to the various sections of our statute, some twelve in number, wherein the plaintiff is allowed to recover attorney fees in certain specific actions, and argues if it had been the intention of the Legislature to provide for the recovery of attorney fees in cases of this kind, specific provision would have been made therefor. However, as hereinbefore stated, it clearly appears from the record herein that no judgment was rendered for attorney fees, as such, but for actual damages sustained by reason of the wrongful clouding of plaintiff's title. It is true, evidence was introduced as to expense incurred for attorney's fees together with other expenses, and that this evidence sustains the court's action in this respect is supported by decisions of this court in Eggers v. Olson, 104 Okla. 297, 231 Pac. 483, and Wilkerson v. Wasson, 110 Okla. 66, 235 Pac. 206. In the former case the question of attorney fees was not involved on appeal, but the court held that certain expenditures were properly recoverable for damages in an action to quiet title; the 7th paragraph of the syllabus being as follows:

"In an action to quiet title against one who has knowingly and willfully and without proper regard for the rights of the legal owner clouded the title, plaintiff is entitled to actual and punitive damages under article 1, ch. 36, Comp. Stat. 1921."

It seems to us, under this authority and the cases therein cited, that the plaintiff in an action of this kind is entitled to recover as damages any reasonable sums actually and necessarily expended by reason of a wrongful clouding of his title as shown by the evidence. In the latter case there was testimony concerning counsel fees, and other expenses, and the court found plaintiff had been damaged in the total sum of $250, and rendered judgment accordingly without making any specific finding as to the various items going to make up the total damage as was done in the instant case. On appeal, the judgment was affirmed, the 2nd paragraph of the syllabus being as follows:

"Where, in a suit to remove a cloud from the title of plaintiff, he also asks for damages against the defendant for wrongfully and maliciously putting an affidavit of record for the purpose of clouding plaintiff's title, and the court finds for the plaintiff that said affidavit was wrongfully and willfully placed of record for the purpose of clouding plaintiff's title, the plaintiff is entitled to recover all damages and expenses that he was put to in getting the cloud removed from his title."

The answer of defendant admits the execution and delivery of the deed from Zoe Rhodd to him on March 27, 1926, covering the land described in plaintiff's petition, and alleged that on March 29, 1926, he sold, assigned, and conveyed such interest as he had acquired from said Zoe Rhodd, and therefore had no further interest in said

land, and disclaimed any interest therein. It was admitted in a stipulation between the parties that defendant McKown did on, March 29, 1926, convey said land by quit-claim deed to one M. J. Woodward. Woodward was not a party to the suit, and defendant McKown contends that, before he can be held for damages for wrongfully, clouding plaintiff's title, Woodward's deed, would have to be declared wrongful and he, decreed to have no interest, and that could. be done only after Woodward was heard. It appears from the record, however, and the court so found, that the deed from Mc-Kown to Woodward was not placed on record until April 19, 1926, and this suit was instituted prior to that time, and at a time when the record title was still in McKown, on, to wit, April 6, 1926.

Section 260, C. O. S. 1921, provides:

"When the petition has been filed, the action is pending, so as to charge third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject-matter thereof as against the plaintiff's title; but such notice shall be of no avail unless the summons be served or the first publication made, within 60 days after the filing of the petition."

The record further shows timely issuance of summons and the return thereof showing service on defendants was filed April 7, 1926.

In Tilghman v. Sykes, 103 Okla. 50, 229 Pac. 634, this court held in the 3rd paragraph of the syllabus thereof:

"Under section 260, Comp. Stat. 1921, deeds taken by third parties from the defendants in the action conveying an interest in real estate involved in the action are void as to the plaintiff in said action."

It seems, therefore, the unrecorded deed of Woodward was void as to the plaintiff in this action. See, also, Holland v. Cofield, 27 Okla. 469, 112 Pac. 1032; and Smith v. Worster, 59 Kan. 640, 54 Pac. 677. In Baker v. Leavitt, 54 Okla. 70, 153 Pac. 1099, this court said:

"One who purchases real property from a, party to an action involving the title thereto after the institution and during the pendency of such action, is bound by the judgment rendered therein against his grantor, and acquires no greater rights than his grantor. 23 Cyc. pp. 1253-1257. * * *

"Section 4732, Rev. Laws 1910 (260, Comp. Stat. 1921), known as the lis pendens statute, was enacted for the express purpose of preventing one from buying real property during the pendency of an action involving the title to the same."

Under these authorities, Woodward was bound by the judgment rendered against his, grantors and was not a necessary party to, the action, As hereinbefore pointed out, at the time this suit was filed, the record title under the deed from Zoe Rhodd stood in the name of defendant McKown, and under the evidence and findings of the court based thereon, said deed was clearly void, and McKown's deed to Woodward was likewise void, and the judgment of the district court canceling these deeds and quieting title in plaintiff was correct.

It is true, as defendant contends, that no evidence was offered by plaintiff as to the charge of conspiracy, unlawful extortion, etc., which undoubtedly would have been necessary to support a judgment for punitive or exemplary damages as prayed for in the petition. This element of damages was evidently abandoned by plaintiff, as no judgment was sought or rendered thereon. The evidence herein, however, discloses and the trial court so found, that the placing of the deed on record by defendant McKown was wrongful and no justifiable cause was shown or attempted to be shown therefor, and under this state of the record, as was said in Kingkade v. Plummer, 111 Okla. 197, 239 Pac. 628, malice will be presumed, and defendant is therefore clearly liable to plaintiff for the actual damage directly caused plaintiff by reason of the wrongful clouding of his title as found by the court, without regard to the particular items comprising the total damage.

Finding no reversible error in the record, and there being ample evidence to support the finding of the court and the judgment rendered thereon, same is hereby affirmed.

MASON, V. C. J., and HARRISON, LESTER, CLARK, and RILEY, JJ., concur.