## WELCH v. PATRICK et al.

No. 18235.  Opinion Filed Oct. 30, 1928.

Neff & Neff, for plaintiff in error.

James B. Diggs, William C. Liedtke, Redmond S. Cole, and C. L. Billings, for defendants in error Gypsy Oil Company and Gulf Pipe Line Company.

Mason, Honnold, Carter & Harper, for defendant in error Edith M. Thomas.

Curtis M. Oakes, for defendant in error O. O. Owens.

Earl A. Brown, for defendant in error Fred A. Chapman.

Hagan & Gavin, for defendants in error Peter McDonnell and James McDonnell, as executors of the estate of John V. McDonnell, deceased.

Wilcox & Swank, for defendants in error Wilbur Harrington, C. W. Pettigrew, Alta Mae Pettigrew, J. A. Focht, W. H. Wilcox, D. H. Delph, A. M. Greiner, M. J. Otey, I. O. Diggs, E. L. Moore, R. D. Laham, W. A. Thompson, W. R. Fellows, George Dollinger, L. W. Burton and Adam Focht.

DIFFENDAFFER, C.  This is an action brought by plaintiff in error in the district court of McIntosh county, wherein it was sought to cancel and set aside certain judgments and orders theretofore made and entered in the county court of McIntosh county, wherein a guardian had been appointed for Jesse James Welch while a minor, and wherein a sale of 160 acres of land, belonging to said minor and located in Creek county, Okla., was had.

The parties will be designated as in the court below.  The action is brought by plaintiff by his guardians. It is alleged that plaintiff since attaining his majority has been adjudged incompetent, and Briscoe and Willie Welch are his guardians.  The relief sought is to cancel, vacate and set aside the order appointing the guardian, the entire proceedings for the sale of the land, including the order of confirmation and guardian's deed.

The petition alleged, in substance, that plaintiff is a citizen of the Creek Nation, enrolled on the freedman roll; that he was born September 11, 1904; that the land in question was his allotment; that on February 19, 1910, one C. O. Potter was by the county court of McIntosh county appointed and designated as guardian of plaintiff.  It is alleged that the order appointing Potter as guardian was void, in that Potter was disqualified to act as such guardian; that the petition for appointment did not state jurisdictional facts; that the only notice of hearing of the petition was by posting a notice that hearing thereon would be had February 11, 1910; that Potter did not take the oath of office as such guardian, and that letters of guardianship were not issued to him until after the sale of the land; that the petition for sale was not filed by a legal guardian; that the petition failed to state any grounds or reason for the sale, but, on the contrary, showed affirmatively that no

grounds existed; that the order of sale was made February 17, 1910; that no notice was given of the hearing, but that a waiver of notice signed by the father and mother of the ward was filed; that the order of sale directed that notice be published in the Sapulpa American, and the proof of publication filed shows that it was published in the Sapulpa Weekly Democrat; that the only notice posted in Creek county was an unsigned notice; that the notice published was not signed by the guardian; that the notice posted was not posted 15 days before the date fixed for the sale; that the order of sale and sale was at private sale; that no order appointing appraisers was made; that no appraisement was made; that the purchaser, or some one acting for him, whose name is to plaintiff unknown, fraudulently prepared an instrument purporting to be an appraisement of the land, which instrument was filed on June 18, 1910, one day after the sale; that there had not in fact been any order appointing the appraisers; that the purported appraisers had not in fact appraised the land, and did ·not in fact sign the purported appraisement; that their names had been fraudulently signed to the appraisement by those acting for the purchaser without the knowledge of said appraisers. Copies of all proceedings down to and including the order of confirmation were attached to the petition and made a part thereof; a copy of the guardian's deed was not attached.

The petition was amended by adding additional allegations, in substance, that subsequent to the appointment of Potter as guardian, an order purporting to appoint one O. L. Clark as guardian was made, but that same was void, in that the order was made without jurisdiction and without any notice whatever, and that on December 9, 1914, O. L. Clark made an oil and gas lease on the land to defendant Robert H. Searcy; that said lease was made at private sale and without notice, without bidding and without opportunity for bidding; that Searcy made a pretended bid for said lease of $1,000, but had a secret understanding that he would be paid back $300 of the amount bid, and was in fact secretly repaid $300 of the $1,000 paid into court; that the defendants named claim some interest in the land under the lease, the nature of which is unknown; additional relief was asked in that the lease and the order appointing O. L. Clark guardian and all proceedings relating to said lease be canceled.

Demurrers were filed to the petition as amended, upon the ground that the petition shows upon its face that the action is one involving the title to real estate, no part of which lies in McIntosh county, and shows on its face that it is an action brought to cancel certain instruments and proceedings which affect the title of real estate, no part of which is in McIntosh county; that the court is without jurisdiction of the subject-matter of the action, and that the petition shows on its face that it is an action brought to set aside certain instruments, which constitute the muniments of title to land, no part of which is in McIntosh county, and that the petition did not state facts sufficient to constitute a cause of action.

These demurrers were sustained. Plaintiff elected to stand on the petition as amended, and declined to plead further, and judgment was entered dismissing the action, and plaintiff appeals.

The demurrers were based on two principal grounds: That is, that the petition did not state facts sufficient to constitute a cause of action; and that the court had no jurisdiction of the subject-matter of the action, the land being in Creek county, and this action being brought in McIntosh county, where the guardianship proceedings were had.

As to the first question, there is no contention but that a cause of action is stated in the petition, if the land had been in McIntosh county, or if the action was in Creek county, where the land is situated. Many cases are cited by plaintiff in error holding that the district courts of this state, in the exercise of their equity jurisdiction, have power to vacate and annul orders or judgments of other courts, including probate courts, and to cancel deeds made by guardians to lands of minors, and to annul the order of the county court confirming same. Among others cited are: Chastain v. Smith, 77 Okla. 188, 187 Pac. 802; Elrod v. Adair, 54 Okla. 207, 153 Pac. 660; and Balridge v. Smith, 76 Okla. 36, 184 Pac. 153. The power of the district court is not questioned where the land is in the county where the action is brought. In all the above cases such were the facts.

The journal entry in the instant case does not state specifically the ground upon which the demurrers were sustained, but it seems to be conceded that the order and judgment were based on the fact that the petition sought the cancellation of certain proceedings in guardianship and the guardian's deed

involving land in Creek county, and none of which was in McIntosh county, where the guardianship proceedings and sale were had, and where this action was brought.

Plaintiff in error cites no case holding directly that such an action can be maintained in any county other than that where the land involved is situated. In 21 C. J. 151, it is said:

"A court of equity has no more power than a court of law to render a decree directly affecting the title of lands in another jurisdiction, nor can such result be accomplished by directing a conveyance to be made by a commissioner. Where it is necessary, to accomplish justice between the parties, to act directly upon the property itself, it is indispensable that the real estate to be affected shall be within the territorial jurisdiction of the court."

Plaintiff in error cites 21 C. J. 153, where it is said:

"Where suit is brought to directly affect other proceedings, either to aid or attack them, it may be brought, where such other proceedings were taken, although ordinarily no independent jurisdiction could there originate. Thus a bill of review must be brought where the original bill was filed."

It appears that the latter rule is limited to bills of review, bills of revivor, bills to carry out and enforce a decree, bills in aid of, or to restrain an action at law, and other like proceedings.

Section 199, C. O. S. 1921, is, in part, as follows:

"Actions for the following causes must be brought in the county in which the subject of the action is situated, except as provided in the next section.

"First. For the recovery of real property, or of any estate, or interest therein, or the determination in any form of any such right or interest. * * *

"Fourth. To quiet title, to establish a trust in, remove a cloud on, set aside a conveyance of, or to enforce or set aside an agreement to convey real property."

If this action be one coming within either the first or fourth subdivision of that section, then the trial court was correct in sustaining the demurrers for want of jurisdiction of the subject-matter.

We think this question is conclusively settled against plaintiff in error, since he is asking that the order confirming the sale and the guardian's deed be canceled.

In Jackson v. Porter, 87 Okla. 112, 209

Pac. 430, it was expressly held that the county court is without jurisdiction to vacate or set aside a decree of sale, or order confirming sale or guardian's deed, after the sale has been completed and deed executed pursuant to the order confirming the sale. The reason for thus holding is stated in the syllabus, as follows:

"Section 12, art. 7 of the Constitution, provides 'The county court, co-extensive with the county, shall have original jurisdiction in all probate matters, and until otherwise provided by law, shall have concurrent jurisdiction with the district court in civil cases in any amount not exceeding $1,000, exclusive of interest; provided, that the county court shall not have jurisdiction in any action for malicious prosecution, or in any action for divorce or alimony, or in any action against officers for misconduct in office, or in actions for slander or libel or in actions for the specific performance of contracts for the sale of real estate, or in any matter wherein the title or boundaries of land may be in dispute or called in question; nor to order or decree the partition or sale of real estate, not arising under its probate jurisdiction (Bunn's Ed. sec. 182).'

"Held: (a) That the county courts of this state are without jurisdiction to vacate or set aside a decree of sale, order of confirmation, or guardian's deed after the sale has been completed and a delivery of the guardian's deed executed pursuant to the order of the court confirming such sale.

"(b) After such sale has been completed by confirmation and a vestiture of title in the purchaser by delivery of deed, if any matter of equity exists, or should arise, entitling any interested party in the sale to be relieved from such sale, resort must be had in this state to the district court, a court of general equitable jurisdiction.

"(c) That an action to vacate such sale after confirmation and delivery of conveyance, is a civil action, and not a probate proceeding."

The proceedings in that case were begun in the county court by petition to vacate the decree of sale, order confirming sale, and the guardian's deed. In the body of the opinion, the court said:

"It is now clear that after the appellee Watson was delivered a guardian's deed, as directed by the court under his order of confirmation of the sale by Porter, the guardian of the appellant, in such an action as the one in the case at bar, wherein the appellant after attaining her majority seeks to vacate the order and confirmation of sale, and the cancellation of the guardian's deed, the only substantial question involved in the controversy is the validity of the title such as was

obtained by Watson under the terms of the probate sale, and such an action in all respects amounts to nothing more nor less than an action to quiet the title of the appellant in the premises in the probate court, which court was specifically denied such jurisdiction by the Constitution."

Section 1285, C. O. S. 1921, provides:

"Conveyances must thereupon be executed to the purchaser by the executor or administrator, and they must refer to the orders of the county court authorizing and confirming the sale of the property of the estate, and directing the conveyances thereof to be executed, and to the record of the order of confirmation in the office of the register of deeds, by the date, volume and page of the record; and such reference shall have the same effect as if the orders were at large inserted in the conveyance. Conveyances so made convey all the right, title, interest and' estate of the decedent, in the premises, at the time of his death; if, prior to the sale, by operation of law or otherwise, the estate has acquired any right, title or interest in the premises, other than, or in addition to, that of the decedent at the time of his death, such right, title or interest also passes by such conveyance."

The statute requires that the guardian's deed refer to the orders of the county court authorizing and confirming the sale. A certified copy of the latter order is required by law to be filed and recorded in the office of the county clerk. The deed must also refer to the record thereof by the date, volume and page of the record. Such reference is made to have the same effect as if the orders were at large inserted in the deed. The statute thus makes the order of confirmation, if not the decree of sale, a part of the muniment of title of the purchaser at guardian's sale. It must of necessity follow that any action whereby either the guardian's deed, or the order of confirmation, is sought to be canceled, after deed is executed and delivered, is essentially an action coming within the first or fourth subdivisions of section 199, C. O. S. 1921, supra, and must under said section be brought in the county where the land involved or some part thereof is situate. It is clear that this case does not come within any of the exceptions provided in the next succeeding section.

The judgment of the trial court should be affirmed.

BENNETT, HERR, HALL, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.