## MILLS v. DISTRICT COURT OF LINCOLN COUNTY et al.

No. 29731.   May 7, 1940.

*102 P. 2d 589.*

C. J. Davenport, of Sapulpa, and Hayes, Richardson, Shartel & Gilliland, of Oklahoma City, for petitioner.

P. D. Erwin, of Chandler, for respondent.

HURST, J. This is an original proceeding for a writ of prohibition direct-

ing respondent to refrain from proceeding further and from further exercising jurisdiction in cause No. 12595, district court of Lincoln county. The asserted ground upon which the writ is sought is that petitioner, a resident of Creek county, has been served therein with process issued out of the district court of Lincoln county, and that respondent, by assuming, over petitioner's objection, jurisdiction to hear and determine such cause, is attempting to make and is making an excessive and unauthorized application of judicial force, and by so doing is depriving petitioner of the right and privilege accorded him by section 117, O. S. 1931, 12 O. S. A. § 139, to be sued only in the county wherein he resides or may be summoned.

Respondent asserts jurisdiction under section 109, O. S. 1931, 12 O. S. A. § 131, for the reason that in said cause it is sought to establish a trust in real property in Lincoln county, and for the further reason that petitioner has appeared in such action, and submitted himself to the jurisdiction of the court. It thus appears that whether the trial court is attempting to make an excessive application of judicial force, such as will warrant the issuance of the writ of prohibition by this court (Chandler v. McKeel, District Judge, 166 Okla. 254, 27 P. 2d 353), presents for determination two questions: (1) Is said cause local or transitory in its nature? and (2) has petitioner submitted himself to the jurisdiction of the district court of Lincoln county in such action? These questions will be taken up in order.

1. Solution of the problem presented by the first question requires a consideration of the petition, for from its averments alone the nature or character of the action must be determined. 67 C. J. 26. The petition filed by the plaintiffs, Helen Laverne Collar, Mary Elizabeth Keegan, and Jacob F. Collar, against the defendant, Ethan Allen Mills, is lengthy, but insofar as pertinent to the question of venue alleged the death, testate, of one J. Bart Foster, a resident of Lincoln county, who was a first cousin of plaintiffs, devising to his uncle,

the defendant Mills, who was the uncle of the plaintiffs, all of his estate, consisting of real and personal property, after the payment of certain legacies. The will was duly probated in the county court of Lincoln county, and final decree, distributing to the defendant all of the estate, was entered on December 7, 1928. The real property in Lincoln county at the time of Foster's death, as described in the petition, and the value thereof as fixed therein was "City property, Chandler, Lincoln county, Oklahoma, $4,000.00," and "Royalty interest upon lands in Lincoln county, Oklahoma, $650.00." The city property was more specifically described in an exhibit. The total value of the estate of Foster was stated to be $244,560.71, and aside from the Lincoln county real estate and land in Creek county of the value of $6,000, consisted wholly of personal property, none of which was alleged to be located in Lincoln county. The petition further alleged that the will of Foster was hurriedly drawn, and that it was the intent of the testator to make the defendant trustee for plaintiffs as to the residue of his estate, which was of the value of $214,560.71, and that he gave defendant, at the time the will was made, oral and probably written instructions as to the holding in trust and disposition thereof, which instructions had been disregarded by defendant. It further alleged that the decree of distribution of December 7, 1928, is void. It asserted that plaintiffs were entitled to have such decree vacated or modified to vest title in defendant as trustee, and to a judgment that defendant held the residue of the estate in trust for plaintiffs with interest on $214,560.71 from July 7, 1928, and vesting and quieting the title to the real estate in plaintiffs. The prayer of the petition was that a trust be declared and adjudged in the residue of the estate, that the defendant be ordered and directed to convey the real estate to plaintiffs, and that the title thereto be quieted and confirmed in them, and for judgment against defendant for the value of all the personal estate of J. Bart Foster on July 7, 1928, less certain legacies paid out by him in conformity to direc-

tions in the will, and interest on $214,-560.71, the value of the residue of the estate, from July 7, 1928, at 6 per centum per annum, and for the cancellation or modification of the final decree of the county court of Lincoln county in the estate of J. Bart Foster, and for all other equitable relief. While the prayer of the petition forms no part of the statement of the cause of action, it should be in accord with the theory of plaintiffs' case. Gustin v. Carshall, 156 Okla. 173, 10 P. 2d 250. It shows what kind of case the plaintiffs suppose they have, and the kind of relief to which they think they are entitled, and may be considered in ascertaining the nature of their action. 49 C. J. 172, § 188; 21 R. C. L. 489; Rochester v. Wells-Fargo & Co., 87 Kan. 164, 123 P. 729. It will be so considered here.

The distinction between local and transitory actions, where title to real estate is involved, is generally recognized. Where the title will be directly affected by the judgment of the court, the action is local, and venue is properly laid in the county where the land lies; but when the title is only incidentally affected, or the relief as to it is incidental to the main controversy or primary purpose of the action, the action is transitory, and the proper venue is the county wherein the defendant resides or may be summoned. Myers v. Garland, 122 Okla. 71, 251 P. 34; Little Nick Oil Co. v. District Judge, 182 Okla. 94, 76 P. 2d 379; Le Breton v. Superior Court, 66 Cal. 27, 4 P. 777; Rossi v. Caire, 174 Cal. 74, 161 P. 1161; State v. Superior Court of King County, 7 Wash. 306, 34 P. 1103; Zane v. Vawter, 102 Kan. 887, 172 P. 37; State ex rel. v. District Court, 120 Minn. 99, 139 N. W. 135; Carpenter v. Strange, 141 U. S. 87, 11 S. Ct. 960, 966; Massie v. Watts, 6 Cranch (U. S.) 160; Bancroft, Code Practices & Remedies, § 982 Supp.; 27 R. C. L. 794, § 15; 67 C. J. 24; 67 C. J. 52, § 65.

From the averments of the petition it clearly appears that the main and primary object of the plaintiffs, and the principal relief sought by them, is to establish or enforce a trust in the residue of the estate of Foster, and to require the defendant Mills as trustee to account to them for such residue or the value thereof. The fact that a small portion of such residue is real property in Lincoln county does not change the nature of the action, or fix and determine the venue thereof. Relief is sought as to the whole of the residue, regardless of the character of the property composing it, and personal judgment is specifically asked against the defendant for the value of that part of the estate which consisted of personalty. It is of some significance, although not of particular importance in the consideration of the nature of the action, that it seems admitted that all the Lincoln county lands, except the oil and gas royalties, have been transferred by the defendant Mills, and that title to one of such properties is now vested in one of the plaintiffs. This merely accentuates the lack of averments in the petition that any of the real or personal property left by Foster was vested in the defendant at the time the action was brought. Also the demand of plaintiffs for interest on the value of the residue of the estate instead of an accounting for the rents and profits thereof evidences the nature of the action.

Respondent bases his contention that the action is local in character, and therefore properly maintainable in Lincoln county, on Welch v. Patrick, 133 Okla. 239, 271 P. 660, which he asserts announces the controlling rule, and cases of similar import. That case was an action brought in McIntosh county to set aside a guardian's sale and deed of specific land in Creek county. The action directly affected the title to such real estate, and the court held the venue to be in the county where the land was located. Pasley v. DeWeese, 183 Okla. 424, 82 P. 2d 1066, another case to which special attention is called, was an action to establish or enforce an oral agreement to devise certain real property, or in the alternative to recover the value of services rendered the owner thereof in his lifetime. The action was brought in Ottawa county, where the land lay, and the contention was made that the

filing of a claim in the county court of Nowata county, where the estate was probated, was an election of remedies, and that any action taken must be on the rejected claim, and must be brought in Nowata county. It was held that the action being for the specific performance of a contract to convey specific real estate or for alternative relief, it was properly brought in the county where the land lay, and that the filing of the claim did not preclude the plaintiffs from bringing such action. It is apparent that these cases, and other cases, involving directly the title to or interest in specific real estate, do not support the assertion of jurisdiction by respondent in a case of the character involved here. We have examined the other cases cited by respondent, and in each the jurisdiction was sustained for the reason that the real estate was directly, and not merely incidentally, affected.

Respondent also asserts jurisdiction for the reason that the petition seeks the cancellation of the decree of distribution entered by the county court of Lincoln county in the estate of Foster, on the ground that such decree is void. We cannot assent to this conclusion. If the judgment be void, which we are not called upon to decide in the present case, steps to vacate or cancel it are unnecessary and futile, it forms no bar to the enforcement of the trust, and it may be assailed at any time, and in any proceeding. Condit v. Condit, 66 Okla. 215, 168 P. 456. Such application for unnecessary relief will not support jurisdiction. 15 C. J. 783; Binderup v. Pathe Exchange, Inc., 263 U. S. 291, 44 S. Ct. 96, 68 L. Ed. 308.

2. Respondent's second contention is that in his special appearance and objection to the jurisdiction of the court as to all causes of action, if any, not transitory, defendant Mills entered his appearance and submitted himself to the jurisdiction of the district court of Lincoln county. Defendant Mills filed two separate objections to the jurisdiction of the court, one as to the transitory causes of action, and one as to the causes

of action, if any, not transitory. In the latter, after objecting to the jurisdiction of the court over the person of respondent "or otherwise," defendant stated that he had theretofore transferred the property in Chandler, and that title to a portion thereof was vested in the plaintiff Jacob F. Collar. He attached copies of the deeds of conveyance to his motion. He asserted his residence in Creek county, and that the court was therefore without jurisdiction of his person. The portion upon which respondent relies as supporting his contention is as follows:

"Said defendant objects to the jurisdiction of the court to proceed in said cause to consider or determine the question sought to be raised by the said action insofar as said plaintiffs claim or allege any right in plaintiffs' causes of action, if any, not transitory."

But this objection must be considered in conjunction with the objection that the court was without jurisdiction of the person of defendant insofar as the cause of action stated in plaintiffs' petition is transitory. While the cause of action is transitory, as we have heretofore held, the only theory upon which jurisdiction could be sustained was that it involved real estate in Lincoln county, and from the allegations of the petition such fact might be inferred. We do not consider that defendant, by asserting and showing that such was not a fact, and that the cause of action was not local, waived his objection to the venue. As said in State ex rel. Murray v. Mortgage Security Corporation of America, 175 Okla. 503, 53 P. 2d 560, the defendant questioned the very act of issuance of the summons, if issued on the theory that the cause of action stated is not transitory. No affirmative relief was asked, as in Jameson v. Harvel, 139 Okla. 39, 280 P. 1080, nor was the sufficiency of the petition attacked as in Webster v. Crump, 117 Okla. 244, 246 P. 423. The cause of action stated being transitory, the court was without jurisdiction of the defendant as to any cause of action not transitory, and it is not contended that by anything contained in his objection

to the court's jurisdiction of his person as to the transitory cause of action he submitted himself to such jurisdiction. Both motions raised the question of venue. Ada-Konawa Bridge Co. v. Cargo, 163 Okla. 122, 21 P. 2d 1. The allegation that the court could not consider the action as local, and proof that defendant had theretofore transferred the real estate in Lincoln county described in the petition, did not waive his objection to the jurisdiction. Clement v. Coon, 161 Okla. 216, 18 P. 2d 1059; Phillips Petroleum Co. v. Smith, 177 Okla. 539, 61 P. 2d 184.

We conclude that respondent is attempting to exercise excessive and unauthorized judicial power, and that the remedy by appeal is not adequate.

Writ granted.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, DAVISON, and DANNER, JJ., concur. CORN and GIBSON, JJ., absent.