UTICA NATIONAL BANK & TRUST COM-
PANY, a National Banking Associa-
tion, Petitioner,

v.

The Honorable Alan J. COUCH, Judge of the
District Court of Cleveland County, Twen-
ty-first Judicial District, State of Okla-
homa, and Cimarron Manufacturing Co., an
Oklahoma Corporation, Respondents.

No. 47749.

Supreme Court of Oklahoma.

July 22, 1975.

Lawrence T. Chambers, Jr., Doerner, Stuart, Saunders, Daniel & Langenkamp, Tulsa, for petitioner.

W. Samuel Dykeman, Dykeman, Williamson & Williamson, Oklahoma City, for respondents.

WILLIAMS, Chief Justice.

This is an application for this Court to assume original jurisdiction and issue alternative writs of mandamus and prohibition to prevent a judge of the District Court of Cleveland County from exercising further jurisdiction over petitioner, the Utica National Bank and Trust Company, a National Banking Association, of Tulsa, Oklahoma, hereinafter sometimes referred to as Utica, in Cause No. C–74–551.

It presents a venue question arising by reason of a federal statute, 12 U.S.C.A., Sec. 94, which provides as follows:

"Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or

municipal court in the county or city in which said association is located having jurisdiction in similar cases."

In *Mercantile National Bank v. Langdeau,* 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523, the United States Supreme Court held that the venue provisions of Sec. 94 are mandatory and controlling over any inconsistent provisions of state law in the absence of a waiver. There is no suggestion of a waiver by Utica in this case. In *Mercantile,* the Court also took note in a footnote of its holding in the early case of *Casey v. Adams,* 106 U.S. 66, 26 L.Ed. 52, to the effect that Sec. 94 applies only to transitory, and not to local, in rem, actions, which holding has not been overruled. Thus, the determining question in the case now before us is whether the action in the District Court of Cleveland County, described below, is transitory or local in character, insofar as Utica, a National Banking Association located in Tulsa County, is concerned.

Plaintiff in the trial court was Cimarron Manufacturing Company; the defendants were a corporation to which we shall refer as the Durr corporation; Travis Durr, individually; and Utica National Bank and Trust Company.

In its petition, Cimarron alleged it had entered into a contract with the Durr corporation, by the terms of which the Durr corporation had agreed to construct a building for Cimarron upon certain lands belonging to Cimarron in Cleveland County, Oklahoma, for a total consideration of $73,250, with the Durr corporation furnishing all the materials and payments to be made by Cimarron according to a schedule set out in the contract.

Cimarron also alleged the existence of an indemnity agreement by the terms of which the Durr corporation had agreed, in effect, to hold Cimarron harmless in case materialmen's liens were filed against the Cleveland County property by those furnishing supplies and materials used in the construction of the building, and that Travis Durr, individually, was a guarantor for the Durr corporation under the agreement.

A third contract pleaded by Cimarron was an alleged oral agreement between the Durr corporation and Utica, on the one hand, and Cimarron on the other, to the effect that payments by Cimarron under the construction contract would be made to Utica and the Durr corporation jointly, and that the payments so made would be applied, by the Durr corporation and Utica, to the payment of materialmen who had furnished materials used in the construction of the building.

Cimarron further alleged that during the course of the construction work it had paid over to the Durr corporation and Utica, on the construction contract, the total amount of $68,600, in accordance with the schedule of payments therein, and that materialmen's liens in the total amount of $51,838.-54 had been filed against the Cleveland County real estate by materialmen whose claims remained unpaid.

Upon these general allegations, Cimarron pleaded five causes of action. The first was against the Durr corporation upon the construction contract.

The second was against the Durr corporation and Utica upon the alleged oral agreement.

The third was against Utica only for an alleged violation of the trust provisions of 42 O.S.1971, Sections 152 and 153. Section 152 provides that amounts payable under any building contract shall "upon receipt by any contractor or subcontractor" be held as trust funds for the payment of "lienable claims" due or to become due under the building contract. Section 153 provides that such funds shall be applied first to the payment of "valid lienable claims" and that until such claims are paid, they shall not be used for any other purpose. Note that, assuming a cause of action is pleaded, this cause of action must rest squarely upon the oral agreement, under which Utica allegedly became jointly responsible, with the Durr corporation, for the disbursement of the funds received.

The fourth cause of action was against Travis Durr, individually, as guarantor upon the indemnity agreement.

The relief sought in all of the first four causes of action was the same—a money judgment for "$51,838.54, plus an amount equal to any additional liens that may be filed against said property including all expenses, damages, interest, attorney fees and costs incurred in releasing said liens * * *".

The fifth cause was in form a quiet title action against the Durr corporation and Utica, based upon an allegation that "because of said contracts", such defendants "may assert" some claim to the Cleveland County real estate adverse to the claims of plaintiff.

■ In *Mills v. District Court of Lincoln County*, 187 Okl. 247, 102 P.2d 589, in discussing the distinction between transitory actions and local actions where title to real estate is involved, this Court said at page 591 of the Pacific Reporter:

"* * * Where the title will be directly affected by the judgment of the court, the action is local, and venue is properly laid in the county where the land lies; but when the title is only incidentally affected, or the relief as to it is incidental to the main controversy or primary purpose of the action, the action is transitory, and the proper venue is in the county wherein the defendant resides or may be summoned, * * *"

To the same general effect, see 92 C.J.S. Venue § 6, et seq.

■ By that test, we think Cimarron's action in the District Court of Cleveland County, insofar as Utica is concerned, was plainly a transitory action. The "main controversy or primary purpose", as shown in the first four causes of action, was the adjudication of claims sounding in contract, as to which, but for the federal venue statute quoted in the second paragraph of this opinion, venue would have been fixed under 12 O.S.1971, Sec. 139, in any county in which the defendants reside or may be summoned.

The addition of the fifth cause, for a judgment quieting plaintiff's title to the Cleveland County real estate, does not change the "main controversy" to a local action. The only claims which Utica allegedly "may assert" are those arising "because of said contracts." In this connection, it may be observed that in *Mills*, supra, the plaintiffs in the trial court also asked, among other things, for a judgment quieting their title to real estate in Lincoln County, in which the action was brought. This Court held, in effect, that the action was primarily an action to establish and enforce a trust in personal and real property, only a portion of which was in Lincoln County, and that the proper venue of the action was in Creek County, where defendant resided.

In a response brief, Cimarron relies upon the holding of this Court in *National Bank of Commerce v. State ex rel. Garrison*, Okl., 368 P.2d 997, but that case is not in point on the facts. It was an action against a corporation to recover penalties for holding real estate in contravention of Oklahoma statutes, and the applicable statute, 18 O.S.1951, Sec. 1.24, required that it be brought in the "* * * county in which the real estate illegally held is located". For this reason, this Court held that it was a local action, not subject to the venue requirements of 12 U.S.C.A., Sec. 94. As we have seen, Cimarron's action in the District Court of Cleveland County is basically an action sounding in contract, and is transitory in nature. It is not an action for the recovery of a statutory penalty for illegally holding real estate.

Cimarron also suggests that its action is a local action under 42 O.S.1971, Sec. 177. That section provides a remedy for a land owner against whose land a lien has been filed, and as to which no action to foreclose the lien has been filed by the claimant. It provides that the owner may file an action in the county where the land lies, "making said lien claimants defendants therein", praying for an adjudication of the liens claimed. However, the lien claimants are not defendants in Cimarron's ac-

tion, and no adjudication of their claims under the liens is sought. For this reason, Sec. 177 is not applicable.

Since Cimarron's action in the District Court of Cleveland County is transitory in nature, the mandatory terms of 12 U.S.C. A., Sec. 94, are applicable. Under that section, the venue of the action, as against Utica, is in Tulsa County and not Cleveland County.

We are aware that a literal application of Sec. 94 in this case may work an inconvenience upon the plaintiff, Cimarron, and the other defendants, by requiring them to prosecute and defend in Tulsa County, in case Cimarron should find it necessary to refile the action, as against all defendants, in Tulsa County. In *Mercantile National Bank v. Langdeau,* supra, promulgated in 1963, the United States Supreme Court took note of a similar argument and said that "such a situation is a matter for Congress to consider".

The application to assume original jurisdiction and petition for writ of prohibition are both granted, and respondents are directed to undertake no further proceedings as against Utica in Cause No. C–74–551 in the District Court of Cleveland County.

All the Justices concur.