Donald H. RUGGLES and Madelyn F. Ruggles, husband and wife, Appellants,

v.

The FIRST NATIONAL BANK OF CARMEN, Carmen, Oklahoma, Appellee.

No. 49245.

Court of Appeals of Oklahoma, Division No. 1.

July 6, 1976.

Rehearing Denied Aug. 3, 1976.

Certiorari Denied Nov. 30, 1976.

Released for Publication by Order of Court of Appeals Dec. 2, 1976.

Frank R. Hickman, Tulsa, for appellants.

Ginder & Moore, Cherokee, Pinkerton & Pinkerton by James C. Pinkerton, Tulsa, for appellee.

BOX, Judge:

An appeal by Donald and Madelyn Ruggles, plaintiffs in the trial court, from an order of the District Court of Tulsa County dismissing their action on the ground that the court lacked venue to hear the case.

In 1973, plaintiffs, Mr. and Mrs. Ruggles, sold a tract of land located in Tulsa County to the Mark Trading Company. A purchase money mortgage was executed in favor of the Ruggles as security for the balance of the purchase price and was duly recorded shortly thereafter.

The purchaser defaulted in 1974, and as a consequence, plaintiffs foreclosed the mortgage and purchased the property at public sale. Sometime after confirmation of the sale, Mr. and Mrs. Ruggles discovered that the First National Bank of Carmen (Bank) was claiming a security interest in the land.

According to the Ruggles' petition, one Carl R. Miller, who had co-signed the Mark Trading Company note in favor of the Ruggles, had executed a "pledge agreement" purporting to mortgage the Ruggles' property as security for the payment of another note in favor of the Bank. This instrument had been recorded in Tulsa County prior to the foreclosure of the Ruggles' mortgage but the Ruggles did not become aware of it until sometime after foreclosure, when a prospective buyer called it to their attention–and promptly refused to close the deal until the title was cleared.

When the Ruggles learned of the purported encumbrance they made several demands upon the Bank to release the mortgage and relinquish any interest in the property. The Bank refused and the Ruggles consequently brought suit in Tulsa County, where the land is located, to quiet their title. In addition to alleging a quiet title action, the Ruggles alleged that "the refusal to remove such invalid lien has created a delay in the transfer and sale of said property to a purchaser pursuant to contract of sale," and that "in the event plaintiffs sustain any loss by reason thereof, they wish to be granted authority by this court to file an amendment hereto setting forth the damage and loss sustained."

The Bank responded with a disclaimer and a motion to quash and objection to venue. It completely disclaimed any interest in the property but asserted that the District Court of Tulsa County lacked venue because it was a National Banking Association and as such was entitled under the venue provision of the National Banking Act, 12 U.S.C. § 94, to be sued in the county in which it was located–Alfalfa County. The Ruggles promptly moved for judgment decreeing their interest in the land, and the court entered an order decreeing (on the basis of the Bank's disclaimer) that the Bank "neither claims nor has any right, title or interest" in the property. The court also granted the Ruggles, over the Bank's objections, ten days in which to file an amended petition for the purpose of alleging the damages they had sustained as a result of the purported slander of title.

After the Ruggles filed their amended petition alleging that the Bank had slandered their title and seeking attorneys fees and damages for the cost of delay in resale of the property, the Bank again objected to venue. A hearing followed and the Bank this time prevailed. The court dismissed the "plaintiffs' amended petition" on the ground that it lacked venue. This appeal followed.

Before turning to the merits of this appeal we note that the Ruggles do not contend on appeal that the filing of the disclaimer constituted a general appearance and accordingly we proceed on the assump-

tion that the Bank succeeded in making a special appearance in the trial court. The only question raised then, is whether the court lacked venue by virtue of 12 U.S.C. § 94, which provides:

"Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

■ Section 94 has been construed to mean that all transitory actions in state courts against National Banking Associations must be tried in the county or city in which the defendant is located. *Mercantile National Bank v. Langdeau,* 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523; *Utica Nat'l Bk. & Tr. Co. v. Couch,* Okl., 544 P.2d 1265, 46 Okl.B.A.J. 1453. If on the other hand, the action is local in character rather than transitory, the statute does not apply and venue will be determined solely by the appropriate state venue statute. Whether a particular action in state court is transitory or local for the purpose of determining whether the statute applies is a question of state law. Id.

The Ruggles urge that the District Court of Tulsa County had venue because quiet title suits are local rather than transitory in character and therefore must be tried in the county in which the land is situated. 12 O.S.1971, § 131. See generally, *Franklin v. Margay Oil Corp.,* 194 Okl. 519, 153 P.2d 486; *McNee v. Hart,* 117 Okl. 220, 246 P. 373. Since a quiet title action is a local action, they contend, the provisions of 12 U.S.C. § 94 do not apply. The Bank argues, on the other hand, that once the court entered its order decreeing the Ruggles' interest in the land, it lost venue to hear the action for money damages. Because the suit for damages sounded in tort for slander of title, it maintains, the action shifted from local to transitory in charac-

ter and accordingly only Alfalfa County, where the Bank was located, had venue.

■ When a plaintiff has sought various forms of relief the principal object of the litigation determines venue. *Utica Nat'l Bk. & Tr. Co. v. Couch,* Okl., 544 P. 2d 1265, 46 Okl.B.A.J. 1453; *Consolidated Flour Mills Co. of Kansas v. Sayre Wholesale Grocer Co.,* 176 Okl. 482, 56 P.2d 781. Ancillary and incidental actions do not affect the venue of the principal suit even though if they had been brought independently, venue would have been elsewhere. Id. See generally *92 C.J.S. Venue* § 61 (1955). It has thus been held, with respect to local actions, that "[W]here the primary action is local, the joining with it an ancillary action which is transitory in nature, does not change the main or primary action to a transitory action." *Atchison, Topeka and Santa Fe Ry. Co. v. Superior Ct.,* Okl., 368 P.2d 475, 476, Syllabus 3.

■ When a petition has stated both local and transitory causes of action the principal object of the litigation is determined by the test expressed in *Mills v. District Court of Lincoln County,* 187 Okl. 247, 102 P.2d 589, 591:

". . . *Where the title will be directly affected by the judgment of the court, the action is local, and venue is properly laid in the county where the land lies;* but when the title is only incidentally affected, or the relief as to it is incidental to the main controversy or primary purpose of the action, the action is transitory, and the proper venue is in the county wherein the defendant resides or may be summoned." (Emphasis supplied.)

■ We think it clear, under the *Mills* test, that the primary action in the instant case is local in character rather than transitory. Since the Ruggles were seeking to quiet their title to real property, title was "directly affected by the judgment of the court." In addition, a cause of action for slander of title, joined with an action to quiet title, would seem necessarily to be

merely a claim for ancillary relief. Recovery of damages for slander of title, in such a case, will be dependent upon proof of the malicious recording of an unfounded claim against the property. See *Misco Leasing, Inc. v. Keller,* 10 Cir., 490 F.2d 545; *McKown v. Haught,* 130 Okl. 253, 267 P. 245. That an action for slander or disparagement of title in such a case would be a claim incidental to the action to quiet title is also indicated by Section 79 of the Marketable Record Title Act, 16 O.S. 1971, § 71 et seq. Section 79 provides:

> "No person shall use the privilege of filing notices hereunder for the purpose of slandering the title to land and, in any action brought for the purpose of quieting title to land, if the court shall find that any person has filed a claim for that reason, he shall award the plaintiff all the costs of such action, including such attorney fees as the court may allow to the plaintiff, and, in addition, shall decree that the defendant asserting such claim shall pay to plaintiff all damages that plaintiff may have sustained as the result of such notice of claim having been so filed for record."

Because the primary action was local the ancillary claim for slander of title could not ordinarily affect the character of the litigation. The Bank argues, however, that the Ruggles' suit was somehow transformed from a local action to a transitory action when the trial court permitted them to amend their petition to seek damages for slander of title *after* judgment had been entered on the action to quiet title. As they put it, "[I]t would be a fiction, subterfuge or sham to hold that the court has continuing venue over the parties as a result of issues previously decided." We disagree.

█ If the Ruggles' Amended Petition had stated an entirely new cause of action the argument that the court lost venue might have merit—the petition in such a case would not "relate back" to the filing of the original petition but would constitute in legal effect a dismissal of the former suit and the commencement of a new one. See, e. g., *Minick v. Rhoades Oil Co.,* Okl., 533 P.2d 598. But such was not the case; the amendment was simply an amplification of the general allegations set out in the original cause of action regarding loss as a result of the Bank's failure to remove the invalid lien. Accordingly, we think that the litigation retained its character as a local action; and the venue section of the National Banking Act did not therefore apply. The District Court of Tulsa County consequently had venue to hear the ancillary claim.

We reverse and remand for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

REYNOLDS, P. J., and ROMANG, J., concur.