[No. 2275. Decided November 23, 1896.]

W. C. JONES *et al.*, *Respondents*, v. WILLIAM M. WOL-
VERTON *et al.*, *Defendants*, CHARLES RUSSELL, *Appel-
lant.*

APPEARANCE — WHAT CONSTITUTES — STIPULATIONS — PROOF OF SIGNA-
TURES.

Under Laws 1893, p. 412, § 16, providing that a defendant may
appear in an action by giving the plaintiff written notice of his ap-
pearance or by making any application for an order therein, a
defendant must be held to have appeared when he has entered
into a written stipulation agreeing to the transfer of the cause to
another county for trial.

One who joins in signing a stipulation with the other parties in
the action in effect authenticates the signatures of the others and is
not in a position to dispute them and insist on the court's requir-
ing proof of any of the signatures.

Appeal from Superior Court, Douglas County.—
Hon. WALLACE MOUNT, Judge. Appeal dismissed.

*Blake & Post*, for appellant:

The stipulation not only does not fall within the
statutory definition of an appearance, but it does not
constitute an appearance under the general rules of
the law.

This court has held that where a defendant, cited
to appear in an action before a justice of the peace,
comes in and asks for a continuance for one day, and
on the next day appears specially to object to the
jurisdiction for certain irregularities, it is not such
an appearance as would confer jurisdiction on the
justice. *Nelson v. Campbell*, 1 Wash. 261; *McCoy v.
Bell*, 1 Wash. 504. In *Steinbach v. Leese*, 27 Cal. 295,
the giving of a notice of appeal was held not to con-
stitute an appearance; so of endorsing admission of

service on the summons, *First National Bank v. Rogers*, 12 Minn. 529 (97 Am. Dec. 239); so of giving bond to dissolve attachment, *Clark v. Bryan*, 16 Md. 171; so of giving attachment bond, *Coplinger v. Steamboat*, 14 Ind. 480; so of taking a deposition, *Scott v. Hull*, 14 Ind. 136; so of motion to set aside judgment, there being no personal service of process, *Lutes v. Perkins*, 6 Mo. 57; so of giving notice of retainer, *Vanderpoel v. Wright*, 1 Cow. 209. See, also, *Mann v. Carley*, 4 Cow. 148; *De Wandelaer v. Coomer*, 6 Johns. 328; *Higgins v. Beckwith*, 14 S. W. 931.

*Graves, Wolf & Graves*, and *Jones, Belt & Quinn*, for respondents:

The defendants Wolverton appeared in this suit, when they signed the stipulation providing for the time, place and manner of the trial. *Baisley v. Baisley*, 21 S. W. 29; *Kleinschmidt v. Morse*, 1 Mont. 100; *Hupfield v. Automaton Piano Co.*, 66 Fed. 788; *State, ex rel. Attorney-General, v. Messmore*, 14 Wis. 115; *Keeler v. Keeler*, 25 Wis. 525; 2 Enc. Pl. & Pr., p. 596.

The opinion of the court was delivered by

SCOTT, J.—The plaintiffs brought this action to foreclose a real estate mortgage, and from a judgment in their favor the defendant Russell has appealed. The respondents moved to dismiss the appeal on the ground that the appeal notice was not served upon the defendants Wolverton. This is conceded by the appellant, but it is contended that said defendants were not entitled to notice, and the question to be determined is whether they had appeared in the action.

The action was commenced in the superior court of Douglas county, and it appears that said defendants joined in a stipulation with the attorneys for the plain-

tiffs, and the attorneys for the defendant Russell, stipulating that the cause might be tried in Spokane county.   Did this stipulation by them constitute an appearance in the action?   The statute, (Laws 1893, p. 412, § 16), provides that

"A defendant appears in an action when he answers, demurs, makes any application for an order therein, or gives the plaintiff written notice of his appearance."

It seems to us that, under the rule laid down by the majority of the court in the case of *Cornell University v. Denny Hotel Co., ante,* p. 433, this stipulation constituted an appearance upon the part of the defendants Wolverton.   It was a written notice of appearance in the action, of which the plaintiffs and defendant Russell had notice by joining therein.   In order to constitute it a written notice of appearance it was not necessary that the writing should recite that said defendants appeared.   The fact of participating in the proceedings was an appearance.   It was also in effect an application for an order, for the cause could not have been transferred without an order.

Some question is made about the validity of such an order, but this seems to us to be immaterial in considering the question of an appearance or an application for an order.

It is further contended by the appellant that the court should not consider said stipulation as an appearance for the reason that it purports to be signed by the defendants Wolverton in person, and there was no proof of their signatures.   Although the court will not take judicial notice of the signatures of parties and there must ordinarily be proof of their genuineness, the appellant is not in a position to insist upon that objection raised here, for he joined in

the stipulation and thus in effect authenticated its genuineness.

Under the authority of the case cited, the appeal must be dismissed.

DUNBAR, ANDERS and GORDON, JJ., concur.

HOYT, C. J., dissents.