[Civ. No. 7499. Third Dist. May 26, 1949.]

KATHERINE J. PFEIFFER, Plaintiff, v. KENNETH K. ASH et al., Appellants; EMIL PIANKA, Respondent.

J. Everett Barr and Harry A. Hammond for Appellants.

Mark M. Brawman and Samuel R. Friedman for Respondent.

PEEK, J.—This is an appeal from an order denying the motion of appellants Ash to quash a writ of execution issued after entry of judgment upon a cross-complaint in favor of the appellants' codefendant, the respondent Pianka, in an original action brought by Pfeiffer to foreclose a mortgage on real property executed by appellants to secure their promissory note.

The pertinent portions of the record reveal that on May 12, 1942, one day prior to his appearance by way of answer to the complaint, the appellants' counsel admitted and accepted service of the cross-complaint of the respondent herein, which cross-complaint was not filed until May 13, 1942. Said cross-complaint was predicated upon a laborer's lien previously filed by Pianka against the same real property sought to be foreclosed by plaintiff. The following month plaintiff filed her notice of motion to strike the answer of appellants to her complaint on the ground it set forth no defense. Plaintiff's motion was granted on October 13, 1942, and a summary judgment directing the foreclosure of the mortgage was entered. On April 9, 1943, after the cause had been set for trial appellants' counsel prepared a stipulation which he signed as ''Attorney for defendants'' and in which counsel for plaintiff and counsel for respondent joined in requesting that the trial of the cause be postponed to June 8, 1943, and ''that two certain gasoline engines now removed from the real property, which is the subject matter of this litigation, may be deemed attached to the realty.'' Said request was granted and the trial continued in accordance therewith. The minutes of the

court further show that on June 3, 1943, "Pursuant to stipulation of respective counsel" the previous setting was vacated and the cause reset for trial on June 30, 1943. When the case came on for hearing on that date appellants were present in court with their counsel. The record further shows that on that date upon application of counsel for respondent the defaults of appellants were entered. Thereafter judgment was entered and a writ of execution issued against them. Four years after the entry of said default judgment counsel for appellants filed a notice of motion to quash, recall and vacate the execution on the ground that the purported judgment upon which the execution was issued was void. In denying said motion the trial judge stated in a memorandum opinion that although the attorney for appellants had not been legally served with said cross-complaint, nevertheless as said attorney had prepared and entered into a stipulation with opposing counsel requesting a continuance of the trial he had therefore made a general appearance, and his motion to quash was denied.. The present appeal is from that order.

Since it is our conclusion that such a stipulation constituted a general appearance in the case, necessitating approval of the order of the trial court, it is immaterial whether or not the purported service of the cross-complaint upon appellants' counsel was valid. It is the well established rule in this state that although a defendant has a right to demand that process be issued against him in strict compliance with the manner provided by law, he may by his own act place himself within the jurisdiction of the court as effectively as though he were duly and regularly served with process.

As stated in *Zobel* v. *Zobel*, 151 Cal. 98 [90 P. 191], it is the general rule that if an appearance is for any purpose other than to question the jurisdiction of the court it is general. In that case counsel for defendant appeared in open court and orally moved for a continuance, which motion was denied and a judgment entered for the plaintiff. Thereafter defendant moved to set aside the decree on the ground that summons had not been personally served on him. His motion was granted but was reversed on appeal, the Supreme Court holding that his action in requesting a continuance constituted a general appearance. (See, also, *Judson* v. *Superior Court*, 21 Cal.2d 11, 13 [129 P.2d 361], wherein the Zobel case is cited with approval.)

Applying such rule to the present case it appears that the order of the trial court sought by the quoted stipu-

lation was such an order as would be available only to one who was a party subject to the jurisdiction of the court from which the order is sought.

Paraphrasing the opinion in the Zobel case, appellants were invoking the action of the trial court in their behalf for relief which could not be asked for on any other theory than that they were submitting themselves to the general jurisdiction of the court. And while the motion there made was oral the court observed that such fact ". . . could not affect the question of its constituting an appearance. *Had a written motion in that behalf been made based on affidavits, no question could possibly arise but that it constituted a personal appearance in the action. . . .*" (Italics ours.) In conclusion the court therein quoted with approval from *Honeycutt* v. *Nyquist, Peterson & Co.,* 12 Wyo. 183 [74 P. 90, 109 Am.St.Rep. 975], that "a request for a continuance of a cause or an agreement to that effect, either orally in open court or by a writing filed in the cause, operates as a voluntary appearance." (See, also, 81 A.L.R. 166; 3 Am.Jur. § 20, p. 794; 6 C.J.S. § 12, p. 37; *Jones* v. *Wolverton,* 15 Wash. 590 [47 P. 36]; *Trojan Drilling Co* v. *Morrison,* 83 Okla. 187 [201 P. 239].)

Since appellants voluntarily made a general appearance in the action there was no error committed by the trial court in denying their motion to quash the execution issued upon the judgment previously entered.

The order is affirmed.

Adams, P. J., and Thompson, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 21, 1949. Traynor, J., voted for a hearing. Carter, J., did not participate.