James Randy CHRONISTER and Trena Gail Chronister, by and through James Randy Chronister, her father and natural guardian, Appellants,

v.

Maurice W. PAYNE, D. O., Appellee.

Tanya Lynn CHRONISTER, Deceased, by and through James Randy Chronister, her husband and Trena Gail Chronister, her daughter, by and through her father and natural guardian, James Randy Chronister, Appellants,

v.

Maurice W. PAYNE, D. O., Appellee.

Nos. 49788 and 49789.

Court of Appeals of Oklahoma, Division No. 1.

Aug. 9, 1977.

Rehearing Denied Sept. 13, 1977.

Certiorari Denied Nov. 9, 1977.

Released for Publication by Order of Court of Appeals Nov. 14, 1977.

Eversole & Settle by Terrill V. Landrum, Muskogee, for appellants.

Best, Sharp, Thomas & Glass by Joseph M. Best, Joseph A. Sharp, Tulsa, for appellee.

ROMANG, Judge:

In both actions, which are companion cases, the Defendant filed a document entitled "Motion to Strike." In the body of this motion it was stated:

Comes now the defendant appearing specially and for the purpose of this motion only, and moves the Court to strike the language on the return of the alias summons dated January 12, 1976, which summons states the following:

"Served Maurice W. Payne, D.O., by personally handing him a copy of the Petition and Summons, however, defendant resisted * * voluntary physical acceptance of said Petition and Summons by bolting and running."

Defendant would show the Court that said statement is a mere conclusion on the part of the service officer and that said service is not proper nor valid under the laws of the State of Oklahoma.

The Motion was granted whereupon the Defendant filed a Motion to Dismiss and a Special Demurrer. The Motion to Dismiss was predicated on the ground "that the summons was not served and returned according to the laws of the State of Oklahoma" and the Special Demurrer was predicated on the ground that the face of the petition showed that the statute of limitations had expired. The District Court granted the Motion to Dismiss and Plaintiffs appealed.

On appeal Plaintiffs allege that the filing of the Motion to Strike constituted a general appearance waiving any defects in the service of process; that the Motion to Dismiss was waived when not filed with the Motion to Strike; and that the Motion to Dismiss should have been stricken when it failed to include citation of authority and was not verified.

## I.

### General Appearance.

An appearance wherein the defendant does not object to the court's jurisdiction constitutes a waiver of jurisdiction. *Russell v. McGinn*, 514 P.2d 658 (Okl.1973). Whether the appearance is special or general does not depend on the title of the motion or pleading but on its substance. *Gray v. Gray*, 459 P.2d 181 (Okl.1969). It is only where the appearance seeks affirmative relief from the court or fails to challenge the service or jurisdiction of the court that the appearance is general. *Gray v. Gray*, supra, and *Stephenson v. Hammons*, 308 P.2d 317 (Okl.1957). Otherwise, a defendant is free to specially appear, challenge jurisdiction, and defend on the merits without waiver of the jurisdictional objections.

A motion is defined as "an application for an order . . . ." 12 O.S. 1971, § 1110. While the motion to strike is most familiar to lawyers as it relates to pleadings it is available to "strike pleadings and papers from the files . . ." 12 O.S.1971, § 1115. As such we see no impropriety in attacking surplusage in the summons by a motion to strike. This motion specifically set out that the defendant was "appearing specially and for the purpose of this motion only . . ." and cannot be construed as a general appearance unless the defendant's failure to file all motions simultaneously resulted in a waiver of further objections to the summons.

## II.

### Filing of Motions Simultaneously.

Twelve O.S.1971, § 268 A provides: "All objections to defects that appear on

the face of the petition, whether raised by motion or demurrer, except motions to quash the summons or process or the service thereof and motions to dismiss the action for improper venue, must be raised at the same time . . . ." Any objection not raised when the defendant demurs or interposes a motion is deemed waived except objections to the jurisdiction of the court or that the petition does not state facts sufficient to constitute a cause of action. Rule 3(a) of the Rules for the District Courts, 12 O.S. (District Rules hereafter) requires that "[o]bjections to the issuance and service of summons and to the venue of an action shall be asserted at the same time . . . ." and "may be filed before the filing of any other motion or any pleading or . . . with the first instrument filed by the defendant, whether it be a motion, a demurrer, an answer, or a combination of such instruments. . . ." District Rule 4(a) requires that "[a]ll motions, other than motions questioning the issuance, service or return of the summons or the venue of the action, and all grounds of demurrer shall be filed at one time . . . ."

■ Turning to 12 O.S.1971, § 268 A, it is clear that the motion to strike was not an objection to defects appearing on the face of the petition and thus does not come under the command of that statute. District Rule 3, however, requires a motion objection to the issuance and service of summons be urged before or at the same time as the "first instruments filed by the defendant." Unless this is done the objection to the service of process is waived. It is clear that the "Motion to Dismiss" in this case was a motion attacking the service and return of the summons. We believe the Motion falls under District Rule 3(a) and should have been filed before or at the same time as the Motion to Strike. Failing that the defendant waived further objections to the summons when he filed his Motion to Strike. The policy behind District Rules 3 and 4, and 12 O.S.1971, § 268 A is to require the early resolution of questions concerning the service of process and

venue. While § 268 A provides that "[a]ny objection not raised when the defendant demurs or interposes a motion is deemed waived except objections to the jurisdiction of the court . . . ." this is not a reference to deficiencies in the service of process but rather a reference to the required minimum contacts for in personam and in rem jurisdiction. This is evident when the entire section is considered. The Legislature clearly referred to motions to quash where that particular defect was in mind.

We conclude that the defendant waived all objections to the summons and its service when he failed to raise them at the time he filed the Motion to Strike. We reverse and remand for further proceedings.

REVERSED AND REMANDED.

REYNOLDS, P. J., concurs.

BOX, J., concurs in results.