John C. BUMGARNER, Appellee,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, Appellant.

No. 68723.

Court of Appeals of Oklahoma, Division No. 1.

Nov. 1, 1988.

Kent L. Jones, Orval E. Jones, Fred M. Buxton, Tulsa, for appellee.

Sidney G. Dunagan, James W. Rusher, Tulsa, for appellant.

## MEMORANDUM OPINION

HANSEN, Judge:

This appeal arises out of a garnishment proceeding commenced by Plaintiff/Appellee, John C. Bumgarner (Bumgarner) to collect on a default judgment entered in his favor against Western Financial Affiliates, Inc. Bumgarner attempted to serve a post-judgment garnishee summons on Defendant/Appellant, Federal Deposit Insurance Corporation (FDIC). The FDIC did not respond to the garnishee summons. The trial court entered default judgment against the FDIC for the full amount of Bumgarner's judgment against Western. It then entered an order requiring the FDIC to appear and answer as to assets on December 18, 1986.

On December 18, 1986 Bumgarner and the FDIC appeared before the trial court for an asset hearing. Prior to the hearing, the FDIC had agreed to enter a stipulation to reappear and answer as to assets at a later date because it could find no representative to appear and answer as to assets and because it could find no grounds to vacate the default judgment. Because the FDIC was not at the time prepared to answer as to assets, the trial court ordered that the FDIC reappear and answer as to assets on another date. This order was signed and approved by counsel for both the FDIC and Bumgarner.

On December 19, 1986 the FDIC filed its motion to vacate default judgment. The FDIC asserted in the motion the default motion should be vacated pursuant to 12 O.S. § 1031 3rd. on the grounds that Bumgarner failed to obtain proper service and therefore personal jurisdiction over the FDIC. In response, Bumgarner argued proper service had, in fact, been obtained and, if it had not, the FDIC had waived any defects in the service of process by voluntarily appearing before the trial court on December 18, 1986. The FDIC asserted it had not appeared voluntarily on December 18, 1986, but had done so only pursuant to court order and as an accommodation to counsel for Bumgarner, and that its acts did not constitute a waiver of jurisdictional defects.

After a hearing was held on the motion to vacate, the trial court entered its order overruling such motion. The trial court's order does not state the specific basis for its ruling.

On appeal the FDIC raises three issues for review: (1) Did Bumgarner obtain proper service of process on the FDIC? (2) Did the FDIC waive defects in service of process by appearing before the trial court on December 18, 1986? (3) Was the motion to vacate improperly denied? Because we answer FDIC's second question in the affirmative, we do not reach the other two issues.

It is settled in Oklahoma that the defendant is free to specially appear, challenge the jurisdiction of the trial court and defend on the merits without waiver of jurisdictional objections. However, where the defendant seeks affirmative relief from

the trial court or fails to challenge the service or jurisdiction of the trial court, the appearance is general. *Chronister v. Payne,* 571 P.2d 869 (Okla.App.1977). A party whose attorney prepares and enters into a stipulation with the opposing attorney requesting a continuance makes a "general appearance" and is subject to the jurisdiction of the trial court irrespective of service of process. *Pfeiffer v. Ash,* 92 Cal. App.2d 102, 206 P.2d 438 (1949).

In the instant case, the FDIC entered into a stipulation with Bumgarner to continue the asset hearing because the FDIC could find no representative to appear and answer as to assets. The trial court then entered an order continuing such hearing. Moreover, at the time of the December 18, 1986 hearing, the FDIC did not object to the trial court's jurisdiction or service of process.

The order of the trial court sought by the parties in their joint request for a continuance was such an order available only to one who is a party subject to the jurisdiction of the court from which the order is sought. The FDIC submitted itself to the jurisdiction of the trial court by making a general appearance and thus waived its jurisdictional objections.

AFFIRMED.

HUNTER, P.J., and MacGUIGAN, J., concur.